Minnie McCLASKEY, Roy Grant and
Nina Grant, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 21497.

United States Court of Appeals
Ninth Circuit.

Nov. 21, 1967.

Dick & Dick, Roger L. Dick (argued), The Dalles, Or., McCulloch, Dezendorf & Spears, Portland, Or., for appellants.

Sidney I. Lezak, U. S. Atty., Portland, Or., Carl Eardley (argued), Acting Asst. Atty. Gen., Kathryn H. Baldwin, Jack H. Weiner, Attys., Civil Division, Dept. of Justice, Washington, D. C., for appellee.

Before MADDEN, Judge of the Court of Claims, and MERRILL and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge:

Appellants, proceeding under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b), seek damages for injury to their motel property located in Arlington, Oregon. They contend that due to negligent obstruction of China Creek by its Corps of Engineers the Government caused flood waters to back upon and damage their property.

The District Court, 261 F.Supp. 912 (D.Or.1966), found negligence on the part of the Government (a finding which the Government here vigorously disputes) but held that immunity was extended to the Government by 33 U.S.C. § 702c, which states in part:

"No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place * * *."

Improvement of China Creek by construction of a concrete channel was included as part of the Alkali Canyon Project authorized in the Flood Control

Act of 1944, 58 Stat. 887, 902, and that project was later incorporated as part of a flood control and navigation improvement undertaking on the Columbia River known as the John Day Dam Project, authorized along with many other such projects in the Act of May 17, 1950, 64 Stat. 163, 179. Reconstruction of the China Creek channel necessitated relocation of the railroad tracks of the Condon Branch of the Union Pacific Railroad Company. It was determined by the Army Corps of Engineers that the railroad should temporarily cross the new channel until permanent relocation could be effected. The crossing was accomplished by a "shoofly," a temporary rock fill structure pierced by a six-foot diameter culvert, on which structure the railroad tracks were laid.

On December 22, 1964, during a flood of record or near record proportions, water backing up from this shoofly inundated appellants' property. Appellants assert negligence in the Government's choice of a rock fill crossing rather than an open trestle, the manner in which the fill was constructed, and the manner in which the Corps of Engineers, during the flood, attempted to eliminate or mitigate the hazard it created.

We agree with the District Court that § 702c provides immunity from the consequences of such negligence.

With reference to this section it was stated in National Mfg. Co. v. United States, 210 F.2d 263, 271 (8th Cir.), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954):

"The language used shows Congressional anticipation that it will be claimed after the happening of floods that negligence of government employees was a proximate cause of damages where floods or flood waters have destroyed or damaged goods. But the section prohibits government liability of 'any kind' and at 'any place.' So that uniformly and throughout the country at any place where there is damage 'from' or 'by' a flood or flood waters in spite of and notwithstanding federal flood control works no liability of any kind may attach to or rest upon the United States therefor." [1]

In Stover v. United States, 332 F.2d 204, 206 (9th Cir.), cert. denied, 379 U.S. 922, 85 S.Ct. 276, 13 L.Ed.2d 335 (1964), this court recognized that the section covers "negligent construction or maintenance of flood works."

Appellants contend that the case before us is distinguishable from past cases construing § 702c in that the railroad crossing did not itself constitute stream improvement or flood control works, and that § 702c must be read as granting immunity only when there has been damage as a result of negligent construction of such works as dams, dikes and levees. Relocation of the railroad was, however, necessary to the John Day Dam Project and to its stream improvement and flood control purposes, and the appellants concede that this relocation was formally specified as a part of the project. This serves to bring into operation the immunity conferred by 33 U.S.C. § 702c. [2]

Affirmed.

---

1. It does not follow that the mere happening of a flood insulates the Government from all damage claims flowing from it. In Peterson v. United States, 367 F.2d 271 (9th Cir. 1966), we denied immunity to the Government when its employees dynamited an ice jam in attempting to protect an air force base, causing a release of water that destroyed vessels moored downstream. We read § 702c in its statutory context, noting that it is contained in the Flood Control Act of May 15, 1928, and found that the decision to dynamite the ice jam was "wholly unrelated to any Act of Congress authorizing expenditures of federal funds for flood control, or any act undertaken pursuant to any such authorization." 367 F.2d at 275.

2. For this reason we find it unnecessary to reach the question whether the decision to build the shoofly was a discretionary act of the Government exempt from tort liability under 28 U.S.C. § 2680 (a).