Luther L. BRITT, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 80–171–N.

United States District Court, M. D. Alabama, N. D.

May 29, 1981.

Sterling G. Culpepper, Jr., and David R. Boyd, Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., for plaintiffs.

Barry E. Teague, U. S. Atty., and Kenneth E. Vines, Asst. U. S. Atty., M. D. Ala., Montgomery, Ala., for the U. S.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

This controversy involves a flood hazard map of the City of Wetumpka, Elmore County, Alabama, prepared and disseminated by or under the auspices of the defendant United States. The plaintiffs—residential property owners in the City of Wetumpka—contend (1) that as a result of the defendant's negligence in the map's preparation and dissemination, the map inaccurately and erroneously failed to identify a certain area of the City of Wetumpka as being flood prone, (2) that, in reliance on the map, the plaintiffs built and occupied houses in this area, and (3) that their houses were subsequently severely damaged by flooding.

The case is presently before the Court on the United States' February 12, 1981, motion for summary judgment.

As one of the grounds for the motion, the government contends now, as it did in an earlier motion to dismiss, that the Court lacks subject matter jurisdiction over this action because of the immunity provisions of 33 U.S.C. § 702c. For the following reasons the Court concludes that this contention has merit and that the case is therefore due to be dismissed.

 As the Court stated in its order filed December 5, 1980, denying the government's motion to dismiss:

section 3 of the Flood Control Act of 1928 provides in pertinent part that:

No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place. . . .

33 U.S.C. § 702c. The extent to which this section immunizes the United States from liability for the negligent and wrongful acts of its employees has been the subject of a number of judicial opinions. *See, e. g., Callaway v. United States*, 568 F.2d 684 (10th Cir. 1978); *Florida East Coast Railway Co. v. United States*, 519 F.2d 1184 (5th Cir. 1975); *National Manufacturing Co. v. United States*, 210 F.2d 263 (8th Cir.), *cert. denied*, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954). It is the law of this Circuit that the section bars actions, such as this one, against the United States under the

Federal Tort Claims Acts unless "the plaintiffs allege that they have suffered floodwater damage as a result of the negligence of the United States unconnected with any flood control project...." *Graci v. United States*, 456 F.2d 20, 27 (5th Cir. 1971).

Here, the plaintiffs allege that they have suffered floodwater damage as a result of the negligence of the United States in preparing and disseminating certain flood hazard maps purporting to show the geographical areas of Wetumpka, Alabama which were susceptible to flooding. Whether this allegation is sufficient to defeat the government's motion to dismiss depends to a large extent on the way in which the *Graci* Court understood their term "flood control project."

The plaintiffs argue that the Court in *Graci* understood "flood control project" to mean a dam, levee, dike, or other such physical facility built for flood control purposes. They allege that no such flood control project exists on the Coosa River, the alleged flooding of which allegedly caused the plaintiffs damage. They thus contend that the preparation and dissemination of the flood plain maps sued upon here were "unconnected with any flood control project." The government, by contrast, argues that the term "flood control project," as understood by the *Graci* Court, encompasses more than physical flood control facilities such as dams and dikes. The government contends that the term encompasses any government action related to flood protection, including building dams or levees, forecasting floods (the government cites *National Manufacturing Co. v. United States, supra*), and producing flood plain maps.

The Court is of the belief that the plaintiffs' understanding of "flood control project" is too narrow and that the defendant's understanding is too broad. The United States' flood immunity is not limited to that resulting from its actions taken in connection with such physical flood control structures as dams, dikes and levees. There is no convincing support for such a limitation in the language of the section or in any of the cases interpreting it. *Cf. Florida East Coast Railway Co. v. United States*, 519 F.2d at 1192 ("[i]n enacting section 702c Congress granted immunity to the United States in 'the broadest and most emphatic language' "). However, it appears settled that the United States' immunity does not extend to all flood control actions taken by government officials. *See Peterson v. United States*, 367 F.2d 271, 275 (9th Cir. 1966), *discussed in Graci v. United States*, 456 F.2d at 26–27. The Court is of the opinion that in *Graci*, as the *Graci* Court's opinion makes clear, this Circuit adopted the Ninth Circuit's view of the boundaries of the government's section 702c immunity, viz. that the section immunizes the United States from all liability for floodwater damage caused by its negligence unless the act of negligence was "wholly unrelated to any Act of Congress authorizing expenditures of federal funds for flood control, or any act undertaken pursuant to any such authorization." 456 F.2d at 26, 27, *quoting Peterson v. United States*, 367 F.2d at 275 and *McClaskey v. United States*, 386 F.2d 807, 808 n.1 (9th Cir. 1967). *See also Florida East Coast Railway Co. v. United States*, 519 F.2d at 1191 ("decisions which impose liability on the United States for damages from flooding [involve] government conduct 'wholly unrelated to any Act of Congress authorizing expenditures of federal funds for flood control, or any act taken pursuant to such authorization.' "). In other words, the short hand formulation adopted by the Court in *Graci*—"negligence of the United States unconnected with any flood control project"—was understood to mean negligence of the United States unconnected with any congressionally-mandated flood control initiative.

Order filed December 5, 1980, at 1–4.

In support of its motion to dismiss, the government contended that the flood plain map sued upon here was an integral part of a congressionally-mandated flood control initiative. Further, the Court noted that

**1162**

the government had cited substantial authority in support of this contention. However, the Court decided not to dismiss the plaintiffs' case at that time for the reason that "the plaintiffs have stated that they are of the opinion that further factual development is necessary, and because it does not appear beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief...." Order filed December 5, 1980, at 4.

██ The United States subsequently filed its motion for summary judgment. On the record now properly before the Court on this motion, the Court finds that there is no genuine dispute as to the fact that the flood hazard map at issue in this litigation was prepared and disseminated pursuant to the National Flood Insurance Act of 1968, Pub.L. 90–448, 82 Stat. 572 (1968), and the Flood Disaster Protection Act of 1973, Pub.L. 93–237, 87 Stat. 975 (1973). It is clear that these Acts are congressionally-mandated flood control initiatives, *see, e. g.*, 42 U.S.C. §§ 4001, 4002; and that the preparation and dissemination of maps such as the one at issue here is an activity that is an integral part of these initiatives, *see, e. g.*, 42 U.S.C. § 4002(b)(2). In other words, the acts of negligence alleged and complained of by the plaintiffs were undertaken pursuant to acts of Congress authorizing expenditures of federal funds for flood control. By virtue of 33 U.S.C. § 702c and the law in this circuit relevant thereto, the government is thus clearly entitled to summary judgment.

The plaintiffs' only response to the defendant's motion for summary judgment in this regard has been to reurge their contention that the United States' flood immunity under 33 U.S.C. § 702c is limited to that resulting from its actions taken in connection with such physical flood control structures as dams, dikes and levees. As explained above, this contention is without merit.

Because 33 U.S.C. § 702c requires that this cause be dismissed, the defendant's alternative contentions need not be considered. No view is expressed as to their merit.

Judgment will be entered in accordance with this opinion.