The government has moved to dismiss this action seeking just compensation for the alleged taking of the plaintiffs’ real property interest — or alternatively to transfer the case to the district court under 28 U.S.C. § 1506 (1976) — on the ground that the suit actually is one to quiet title and that under the Quiet Title Act, 28 U.S.C. § 2409a (1976), only the district court and not this court has jurisdiction over such a suit. We hold that we have jurisdiction over the suit, and we therefore deny the government’s motion.
*1002 In connection with the construction of the Painted Rock Dam in Arizona, the government in 1959, through judicial condemnation proceedings, acquired flowage easements of portions of the plaintiffs’ land. The land apparently is behind the dam, and the easement was acquired because the dam would flood portions of the land by creating a body of water in back of it. The theory of the plaintiffs is that the easements the government obtained permitted the government to flood only a certain portion of their land; and that because the government released less water from the dam than the parties to the condemnation proceeding understood would be released, the greater amount of water behind the dam has flooded more of the plaintiffs’ land than the easement authorized the government to flood.
There is pending in the United States District Court for the District of Arizona a suit to quiet title brought against the United States by another landholder in a position similar to that of the plaintiffs. The plaintiff S & P Farms, Inc., together with other land owners, previously had filed two other suits in the same district court against the United States based upon the same flooding of the land, but both suits were dismissed. Narramore v. United States, Civ-5852-Phx. (D. Ariz. Feb. 3, 1966); Pierce v. United States, Civ. 74-757 Phx. Wec. (D. Ariz. 1974), aff’d, 650 F.2d 202 (9th Cir. 1981).
The theory of the government’s motion is that the determination whether it took the plaintiffs’ additional property that has been flooded depends upon whether the plaintiffs have unencumbered title to that property; that the answer to this question will turn upon the scope of the flowage easements the government acquired in 1959; that this therefore is an action to quiet title; and that under the Quiet Title Act only the district court and not this court has jurisdiction over such suits.
This court, however, twice has decided that the jurisdiction of the district courts over quiet title actions under 28 U.S.C. § 2409a does not preclude us from determining actions for just compensation even though the existence of a taking vel non depends upon whether the government had title to the property it allegedly took. Yaist v. United States, 228 Ct. Cl. 281, 285-87, 656 F.2d 616, 620-21 (1981); *1003 Bourgeois v. United States, 212 Ct. Cl. 32, 35-36 n.1, 545 F.2d 727, 729 n.1 (1976).
The government has not asked us to consider the issue en banc, and those decisions bind the panel.
The government, however, contends that Yaist and Bourgeois are distinguishable because those cases involved both the question whether the government had title to the property and, if not, whether the government’s action constituted a taking of the plaintiffs interest in the property, whereas in the present case the sole question is the scope of the government’s easement. This is not a valid basis for distinguishing the jurisdictional rulings in those cases. The government gives no convincing reason why that distinction, if it applies here, should produce a different result.
Yaist and Bourgeois unequivocally hold that if a suit involving a dispute over title seeks just compensation for the government’s taking (as distinguished from return of the property), this court has jurisdiction. See also Malone v. Bowdoin, 369 U.S. 643, 647 n.8 (1962). This is true even if the same suit could have been brought, and the same relief obtained, in the district court under the Quiet Title Act. E.g., Bourgeois, 212 Ct. Cl. at 35-36 n.1, 545 F.2d at 729 n.1.
The government also relies on the recent en banc decision of the Court of Appeals for the Fourth Circuit in Fulcher v. United States, 632 F.2d 278 (4th Cir. 1980), which it interprets as impliedly ruling that this court does not have jurisdiction over suits that could be brought in the district court under the Quiet Title Act. The actual holding in that case was that the district court had jurisdiction under the Quiet Title Act over a suit to quiet title to property that the government had acquired through a judicial condemnation proceeding. The court of appeals held that although the plaintiff could not divest the United States of the title it had thus acquired, if the plaintiff could prove that the proceedings by which the United States acquired its title were defective, under the Quiet Title Act the court could award the plaintiff damages equal to the fair market value of the property. The court stated that since it "[l]ack[ed] jurisdiction over the Court of Claims, we express no view on whether that court would have had jurisdiction had Fulch *1004 er elected to bring this action there. We hold only that he can bring it in the district court.” 632 F.2d at 286 n.21.
Finally, since we hold that we have jurisdiction over this suit, there would be no basis for transferring the case to the district court under 28 U.S.C. § 1506. That section permits transfer only of a case filed in this court that is "within the exclusive jurisdiction of the district courts.” As indicated, this is not such a case.
The defendant’s motion to dismiss the petition, or to transfer the case to the district court, is denied. The case is remanded to the Trial Division for further proceedings.