**CROWLEY MARINE SERVICES, INC., et al., Plaintiffs,**

v.

**FEDNAV LTD., et al., Defendants.**

**No. CS–94–178.**

United States District Court,
E.D. Washington.

Oct. 10, 1995.

Rodney L. Brown, Jr., Gillis E. Reavis, Peter J. Gutierrez, Beverlee E. Silva, Morrison & Foerster, Seattle, WA, for Crowley Marine Services Inc., a Delaware corporation.

Mark W. Schneider, Thomas M. Kellenberg, Perkins Coie, Seattle, WA, for Port of Pasco.

Peter D. Byrnes, Bradley S. Keller, Byrnes & Keller, Seattle, WA, Paul Nelson Daigle, Schwabe Williamson Ferguson & Burdell, Seattle, WA, for Fednav Ltd., Fednav Holdings, Inc.

William J. Schroeder, Paine Hamblen Brooke Coffin Miller, Spokane, WA, Kevin M. Ward, Harding & Ogborn, Denver, CO, for Piute Energy & Transportation Co., a Washington corporation.

Frederick A. Moegenburg, Law Office of Frederick A. Moegenburg, Milwaukee, WI, for Aarcom, Inc.

James E. Egan, Kennewick, WA, Apex Environmental Inc., Pro se, Michael D. Poor, Apex Environmental Inc., Hoquiam, WA, for Apex Environmental Inc.

Kurt W. Kroschel, Rexanne Gibson, David M. Reeve, Daniel L. Kinerk, Mark Craig Mostul, Larry Eugene Leggett, Maura Joyce Binz, Kroschel & Gibson, Bellevue, WA, Bruce A. Spanner, Miller Mertens & Spanner, Richland, WA, John C. Knoepfler, Robins Kaplan Miller & Ciresi, Minneapolis, MN, for Burlington Northern R. Co.

Randy Jarl Aliment, Williams Kastner & Gibbs, Seattle, WA, for Conoco Inc.

Scott Nicholas Naccarato, Critchlow & Williams, Richland, WA, for DeCurtis Oil Co., David G. Forsman.

John F. DeVleming, Ogden Murphy and Wallace, Seattle, WA, John G. Schultz, Leavy Schultz Davis & Fearing PS, Kennewick, WA, Lee V. Corkrum, Seattle, WA, for Del Williams, Del Williams Trucking.

James Morton Beecher, Hackett Beecher & Hart, Seattle, WA, Craig M. Liebler, Liebler Ivey Larsen Quigley and Hugill, Kennewick, WA, for Doyle Brothers Inc., a Washington corporation, Doyle Brothers Partnership, a Washington partnership.

Charles Edward Corrigan, Gary Firestone, Stephen F. Crew, O'Donnell Ramis Crew & Corrigan, Portland, OR, for Fuel Processors Inc., a Washington corporation.

P. Craig Walker, Cowan Walker Jonson Moore Nickola & Heye, Richland, WA, for Henry Kidwell, Thomas Kidwell, Kidwell Oil Co.

David Vance Marshall, Lynn T. Manolopoulos, Cassandra L. Kinkead, Davis Wright Tremaine, Bellevue, WA, for McCall Oil & Chemical Corp.

Patricia Elizabeth Thompson, Donald B. Myers, Stoel Rives Boley Jones Grey, Seattle, WA, for Pacificorp.

Guy C. Stephenson, Schwabe Williamson & Wyatt, Portland, OR, Scott A. Jonsson, Schwabe Williamson and Wyatt, Portland, OR, Rodney L. Brown, Jr., Gillis E. Reavis, Beverlee E. Silva, Morrison & Foerster, Seattle, WA, for Tidewater Barge Lines Inc., an Oregon corporation.

Pamela Jean DeRusha, US Attorney's Office, Spokane, WA, Margaret J. Mahoney, US Department of Justice, Washington DC, Steven E. Rusak, US Department of Justice, Environmental Defense Section, Washington, DC, for Corps of Engineers, U.S. Army.

Tanya Barnett, Asst. Atty. General, Attorney General of Washington, Olympia, WA, for Department of Ecology of the State of Washington, amicus.

Frederick Orr Frederickson, Graham & Dunn, Seattle, WA, for Atlantic Richfield Corporation.

Craig M. Liebler, Liebler Ivey Larsen Quigley and Hugill, Kennewick, WA, for Donald A. Doyle, James E. Doyle.

Lynn T. Manolopoulos, Cassandra L. Kinkead, Davis Wright Tremaine, Bellevue, WA, for Great Western Chemical Company, a Washington corporation.

## ORDER GRANTING MOTION TO DISMISS FTCA CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION, AND DENYING MOTION TO DISMISS CERCLA CLAIM

QUACKENBUSH, Chief Judge.

**BEFORE THE COURT** is the Motion of Defendant United States Army Corps of Engineers to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief May Be Granted (Ct.Rec. 73), heard with oral argument. Gillis Reavis appeared for Crowley Marine Services, Inc.; the United States Army Corps of Engineers was represented by Martin McDermott and Margaret Mahoney. Having reviewed the record, heard from counsel, and being fully advised in this matter, the court hereby **GRANTS** the Corps of Engineers' motion to dismiss the Plaintiffs' Federal Tort Claims Act claims with prejudice, and **DENIES** the Corps of Engineers' motion to dismiss the Plaintiffs' CERCLA claims.

### I. BACKGROUND

Plaintiffs Crowley Marine Services, Inc. ("Crowley") and the Port of Pasco ("Port") seek past and future environmental cleanup costs from the United States Army Corps of Engineers ("Corps") for damage caused by alleged releases of hazardous substances from a levee and drainage system owned and operated by the Corps in Pasco, Washington. The levee and drainage system, part of the McNary Levees System of the McNary Lock and Dam Project, is a federal flood control project on the Columbia River.

The Port owns several bulk fuel storage facilities in an industrial section of Pasco,

Washington, on the bank of the Columbia River. Since 1941, the Port has leased its bulk fuel facilities to various business entities. The Corps's levee and drainage system, known as Levee 12–1, is located adjacent to the Port's bulk fuel storage facilities. A large pool of commingled petroleum products and other chemicals has accumulated in the soil and groundwater under much of the area, including the waters of the Corps's levee and drainage system. The Corps apparently has known of this petroleum contamination for decades.

In 1991 and 1992, the Washington Department of Ecology named Plaintiffs, the Corps, and several other entities as Potentially Liable Parties ("PLPs") under Washington's toxic clean-up law. In response to an enforcement order, Plaintiffs have begun clean up of the site. Other parties have not contributed to the cost of cleanup. As a result, the Plaintiffs have filed suit against several parties, including the Corps, to recover the clean-up costs.

## II.  DISCUSSION

The Corps has moved to dismiss Plaintiffs' tort and environmental claims against it for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Primarily, the Corps argues that both the tort and environmental claims are barred by the Flood Control Act of 1928, 33 U.S.C. § 702c. The Corps also contends that the tort claims are barred because Plaintiffs failed to file administrative claims before filing suit, as required by 28 U.S.C. § 2675(a).

### A.  Fed.R.Civ.P. 12(b)(1)

Federal courts are courts of limited jurisdiction; they have only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986); *Nieto v. Ecker*, 845 F.2d 868, 871 (9th Cir.1988). As a result, federal courts have no power to consider claims for which they lack subject matter jurisdiction. *Chen–Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir.1992).

A party may raise the issue of jurisdiction in the district court by way of a motion to dismiss for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). When considering a motion to dismiss under Rule 12(b)(1), the district court is not restricted to the pleadings, but may review any evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988), *cert. denied*, 489 U.S. 1052, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989); *Western Farm Credit Bank v. Hamakua Sugar Co.*, 841 F.Supp. 976, 980 (D.Haw.1994). The plaintiff bears the burden of establishing the court's jurisdiction. *See* Schwarzer, Tashima and Wagstaffe, *Federal Civil Procedure Before Trial* §§ 9:85–87 (1993).

### B.  FTCA Immunity Under Flood Control Act of 1928

The Corps argues that Plaintiffs' claims against it under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, **et seq.,** are barred by the Flood Control Act of 1928 ("FCA"). The FCA provides, in part, "No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place...." 33 U.S.C. § 702c. "It is difficult to imagine broader language." *United States v. James*, 478 U.S. 597, 604, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986).

In *James*, the most recent United States Supreme Court decision to visit the FCA, the Court held the United States Army Corps of Engineers to be immune from a FTCA claim by reason of § 702c despite the Corps's concededly negligent conduct in opening retaining structures to release waters to control flooding. *Id.* at 599, 612, 106 S.Ct. at 3118, 3124–25. In opening the retaining structures, recreational users of certain reservoirs were swept through the structures and drowned. *Id.* at 599–602, 106 S.Ct. at 3118–20. Survivors sued the Corps under the Federal Tort Claims Act. *Id.* The Court read § 702c very broadly in denying relief.

The Court held section 702c immunized the United States from damages for property damage, personal injury and death caused

by all waters contained in or carried through a federal flood control project for purposes of or related to flood control, as well as to waters that such projects cannot control.

*McCarthy*, 850 F.2d at 560–61 (internal quotations omitted). Such a broad application of § 702c immunity is consistent with precedent in this Circuit. *See Morici Corp. v. United States*, 681 F.2d 645 (9th Cir.1982) (immunity applied even if negligence caused by operation of project for purposes other than flood control, and even if damage due to government employees acting purposely or knowingly in a manner or for a purpose not authorized by Congress).

In this Circuit, if injury results from the operation of a federal project for flood control purposes, government immunity under the FCA is complete. *Id.* at 647. Government immunity can apply even though a federal project has multiple purposes and is not intended exclusively for flood control. *McCarthy*, 850 F.2d at 562. It is also "clear from § 702c's plain language that the terms 'flood' and 'flood waters' apply to all waters contained in or carried through a federal flood control project for purposes of or related to flood control, as well as to waters that such projects cannot control." *James*, 478 U.S. at 605, 106 S.Ct. at 3121.

■ "Despite the broad language of the immunity statute, it is by now well settled in this Circuit that the immunity statute applies only when the flood damage is caused by a project related to flood control, and that it does not apply when the flood damage is wholly unrelated to any act of Congress authorizing expenditure of federal funds for flood control." *Aetna Ins. Co. v. United States*, 628 F.2d 1201, 1203 (9th Cir.1980), *cert. denied*, 450 U.S. 1025, 101 S.Ct. 1732, 68 L.Ed.2d 220 (1981) (internal quotations omitted); *see also Pierce v. United States*, 650 F.2d 202, 203 (9th Cir.1981). To avoid the immunity provision of § 702c, a plaintiff must show that the damage is "wholly unrelated" to any Act of Congress authorizing expenditures of federal funds for flood control, or any act undertaken pursuant to any such authorization. *McCarthy*, 850 F.2d at 562. "So long as a project is authorized by Congress for flood control purposes, and the damage or injury is related to the use of that project, immunity continues to attach." *Id.*

■ Here, the levee and drainage system in question is authorized by Congress for flood control purposes. It also appears that the damage caused by releases of hazardous substances is related to the use of the project. Consequently, the Corps's action in spreading the contamination is not "wholly unrelated" to a federal flood control project.

Contrary to Plaintiffs' contention, the McNary Lock and Dam Project is a flood control project authorized by Congress. *See* Act of March 2, 1945, Pub.L. No. 79–14, 59 Stat. 10. The Pasco levee was constructed for the purpose of protecting the City of Pasco, the Port of Pasco, and upstream suburban areas from McNary backwater effects, and from seasonal flooding of the Columbia River. *See* Corps's Memorandum of Points and Authorities in Support, Exhibits A, B, and C. However, even assuming the project exists for more than flood control, such as navigation, power development, and irrigation, the fact that one of the project's purposes is flood control is sufficient to invoke § 702c immunity against a FTCA suit. *See McCarthy*, 850 F.2d at 562.

Second, the damage caused by releases of hazardous substances is related to the use of the levee in Pasco. Levee 12–1 is an earthfill embankment, which is about 2.6 miles long. It is about 20 feet high and has a 16-foot flat top. It has a centrally-located impervious core, which stops water from passing through the levee. The levee has an interceptor drainage system along its base on the landward side, which collects the surface water and groundwater runoff that is blocked by the levee's impervious core. It also captures Columbia River water that seeps in under the levee.

The interceptor drainage system collects ground water about 8 feet below the surface and allows the water to flow naturally into an open drainage ditch. The open drainage ditch empties into a collecting pond. From there, the water is pumped into the Columbia River. This water is contaminated with petroleum hydrocarbons. The drainage system

collects, transports, and discharges hazardous substances.

Nevertheless, the release of hazardous substances is part and parcel of the purpose of the levee, which is to control flooding. The process that releases the contamination is the same process that protects property from flooding. Clearly, damage from the release of hazardous substances by the Corps is related to the Corps's operation and maintenance of Levee 12–1 of the McNary Lock and Dam Project. As such, § 702c immunity attaches as to Plaintiffs' Federal Tort Claims Act claims.

■ An additional reason for dismissal of the FTCA claims is the failure of the Plaintiffs to file their administrative claim prior to institution of suit, as required by 28 U.S.C. § 2675(a). The Plaintiffs allege that such a claim was filed subsequent to the institution of this action and that, therefore, their claims should not be dismissed. The Plaintiffs' position is contrary to the decision of the United States Supreme Court in *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). The *McNeil* court unequivocally determined that the administrative claim must be filed before the commencement of the action. For that reason, Plaintiffs' FTCA claims must also be dismissed.

### C. Immunity For CERCLA Claims Under § 702c

■ The Corps also claims immunity under § 702c for liability claimed by the Plaintiffs under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, **et seq.** The critical portion of CERCLA, as it applies to the § 702c immunity defense, is contained in 42 U.S.C. § 9620(a)(1), which states:

(a) Application of Act to Federal Government. (1) In general. Each department, agency, and instrumentality of the United States (including the executive, legislative, and judicial branches of government) shall be subject to, and comply with, this Act in the same manner and to the same extent, both procedurally and substantively, as any nongovernmental entity, including liability under section 107 of this Act [42 USCS § 9607].

The cross-referenced § 9607 provides that "notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section—" any owner of a facility containing hazardous substances shall be liable for damages, response costs, and costs of removal caused by hazardous substances. Thereafter, Congress set forth in § 9607(b) the defenses to such an action which include, **inter alia,** an act of God, or war, or the act or omission of a third party under certain circumstances. The Corps does not claim immunity under any of these specified defenses.

CERCLA was passed in 1980. 33 U.S.C. § 702c, the Flood Control Act immunity provision, was in existence at that time and had been in existence since 1928. The Corps argues that the § 702c immunity under the Flood Control Act survived the passage of the comprehensive CERCLA liability language that subjects all governmental agencies, and all branches of Government to liability "notwithstanding any other provisions or rule of law, and subject only to the defenses set forth in subsection (b) of this section." If Congress intended to include § 702c immunity in CERCLA, it certainly would have done so. When the FTCA was adopted, Congress included a revocation section that specifically set forth prior immunity laws that were revoked by the FTCA. Section 702c immunity was not included in that list, which supports the survival of 702c immunity in FTCA actions. No such revocation list was included in CERCLA.

This court has had the benefit of the excellent and well-reasoned opinion of Judge Levi in *United States v. Iron Mountain Mines, Inc.*, 881 F.Supp. 1432 (E.D.Cal.1995). While not bound thereby, this court is strongly persuaded by this decision.

By reason of the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion of the Corps of Engineers (C.R. 73) to dismiss the Federal Tort Claims Act claim of the Plaintiffs should be **GRANTED.** The Clerk of this court shall dismiss such claim **WITH PREJUDICE.**

2. The Motion of the Corps of Engineers (C.R. 73) to dismiss the CERCLA claims of the Plaintiff is **DENIED.**