568 F.2d 684
 O. D. CALLAWAY and Leta Callaway, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
E. D. LEDFORD, Jr., Ruby L. Ledford, W. G. Strange, Jr., and
R. Jo Strange, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
Jimmy Lee LEDFORD and Ella Joetta Ledford, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 77-1331 to 77-1333.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Oct. 27, 1977.
Decided Jan. 23, 1978.
 
 John W. Norman, Oklahoma City, Okl., for plaintiffs-appellants.
 Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., John E. Green, U. S. Atty., Oklahoma City, Okl., Robert E. Kopp and Donald Etra, Dept. of Justice, Washington, D. C., for defendant-appellee.
 Before HILL, McWILLIAMS and DOYLE, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 These three actions, consolidated for appeal, were brought against the government by owners of land in the vicinity of the Waurika Dam and Reservoir, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and §§ 2671-80, for damages alleged to have been caused to their crops and other property by the government's negligence. Following administrative denial of their claims, appellants filed these actions in the United States District Court for the Western District of Oklahoma. In each case, the trial court granted the government's motion to dismiss for failure to state a claim upon which relief could be granted.
 
 
 2
 Appellants' substantially identical complaints allege water damage to their property during a period of heavy rains in May, 1975, as a result of the government's failure to take precautions against flooding in construction related to the Waurika Dam and Reservoir project. Their administrative claims, incorporated by reference in their complaints, allege that floodwater was held on their land by a negligently constructed bridge embankment built in connection with the Waurika project. Letters from the United States Army Claims Service, also made a part of their complaints, state that the Waurika project was authorized by Congress for flood control and other purposes.
 
 
 3
 In granting the government's motions to dismiss, the trial court held the actions were barred by 33 U.S.C. § 702c, which provides in pertinent part: "No liability of any kind shall attach to or rest upon the United States for any damage from or by floodwaters at any place: . . . ."
 
 
 4
 A motion to dismiss for failure to state a claim admits the factual allegations of the complaint, though not its conclusory allegations. Mitchell v. King, 537 F.2d 385 (10th Cir. 1976). The issue presented by such a motion is not whether the claimant will ultimately prevail, but whether he is entitled to present evidence to support his claim. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The factual allegations should be construed favorably to the pleader, and the motion should be granted only where it appears beyond doubt that the claimant can prove no set of facts in support of his complaint which will entitle him to relief. Mitchell v. King, supra.
 
 
 5
 Appellants contend dismissal was improper on two alternative grounds: (1) the trial court made no determination that the acts of the government were discretionary so as to shield the government from the liability imposed by the Federal Tort Claims Act, and (2) the trial court could not determine from the pleadings whether the flood allegedly injuring them was the type of flood for which the government is exempted from liability by 33 U.S.C. § 702c.
 
 
 6
 Appellants' first contention has as its premise that the passage of the Federal Tort Claims Act in 1946 modified or repealed the previously enacted § 702c, so the government's claim of immunity must be grounded in the provisions of the Federal Tort Claims Act. Such a contention has been uniformly rejected by the appellate courts which have considered it. Florida East Coast Ry. Co. v. United States, 519 F.2d 1184 (5th Cir. 1975); Parks v. United States, 370 F.2d 92 (2d Cir. 1966); Stover v. United States, 332 F.2d 204 (9th Cir. 1964), cert. denied, 379 U.S. 922, 85 S.Ct. 276, 12 L.Ed.2d 335; Clark v. United States, 218 F.2d 446 (9th Cir. 1954); National Mfg. Co. v. United States, 210 F.2d 263 (8th Cir. 1954), cert. denied, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108. The Eighth Circuit in National Mfg. Co. v. United States, supra, discusses the interplay between the two statutes:
 
 
 7
 The Federal Tort Claims Act of August 2, 1946, had not been passed in 1928 or 1936 and the government then had a certain sovereign immunity from suit for torts but when (§ 702c) is read in its context it is clear Congress meant by it that damages from or by floods or floodwaters should not afford any basis of liability against the United States regardless of whether the sovereign immunity was availed of or not. The declaration of (§ 702c) negates the existence of a cause of action against the United States in the situation covered by it. (Emphasis added.)
 
 
 8
 210 F.2d at 271.
 
 
 9
 If the claims are barred by § 702c, the actions were properly dismissed notwithstanding the provisions of the Federal Tort Claims Act.
 
 
 10
 Section 702c was originally enacted as a part of the Mississippi River Flood Control Act of 1926, § 3, 33 U.S.C. § 702c, and was reaffirmed in the Flood Control Act of 1936, § 8, 33 U.S.C. § 701e. Its scope and purpose were noted by the Eighth Circuit in National Mfg. Co. v. United States,supra:
 
 
 11
 (W)hen Congress entered upon flood control on the great scale contemplated by the Acts it safeguarded the United States against liability of any kind from damage from or by floods or flood waters in the broadest and most emphatic language. The cost of the flood control works itself would inevitably be very great and Congress plainly manifested its will that those costs should not have the flood damages that will inevitably recur added to them. . . . (T)here is no question of the power and right of Congress to keep the government entirely free from liability when floods occur, notwithstanding the great government works undertaken to minimize them. (Emphasis added.)
 
 
 12
 210 F.2d at 270.
 
 
 13
 Appellants cite cases in which the government has been held liable for water damage caused by its negligence[1] and contend that the trial court could not determine from their complaints whether the flood damage they sustained was of the type contemplated by the statute. As the trial court noted, the cases appellants cite are distinguishable on the basis that they do not involve flood control projects.
 
 
 14
 The factual allegations of appellants' complaints establish that their claims are for damage done by floodwaters caused by the government's negligent construction of an integral part of a flood control project. The broad and emphatic language of § 702c belies appellants' contention that only certain types of floods occurring in connection with flood control projects are within the scope of the statute. Florida East Coast Ry. Co. v. United States, supra. We can conceive no set of facts appellants could prove in support of their claims for which recovery would not be barred by 33 U.S.C. § 702c.
 
 
 15
 The trial court properly granted the government's motions to dismiss.
 
 
 
 [1]
 Seaboard Coast Line R. R. Co. v. United States, 473 F.2d 714 (5th Cir. 1973), and United States v. Hunsucker, 314 F.2d 98 (9th Cir. 1962) (negligence in construction and design of drainage systems); Graci v. United States, 456 F.2d 20 (5th Cir. 1971) (negligence in construction of a navigation project); Peterson v. United States, 367 F.2d 271 (9th Cir. 1966) (negligence in blasting an ice jam)