**ELK CITY NEIGHBORHOOD PRESERVATION ASSOCIATION, INC., a corporation, Plaintiff,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Defendant.**

No. CIV–78–0605–D.

United States District Court,
W. D. Oklahoma.

Aug. 30, 1978.

Edwin McComas, Elk City, Okl., for plaintiff.

O. Carey Epps, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action originally brought by the Plaintiff in the Beckham County District Court and subsequently removed to this Court by Defendant wherein Plaintiff seeks injunctive relief to require Defendant

to cease construction and remove certain microwave relay facilities in Elk City, Oklahoma, on the grounds that said facilities exceed the height restrictions of the pertinent Elk City zoning ordinances. It is asserted that the Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant has filed herein a Motion to Dismiss Plaintiff's Complaint on the grounds that: the Complaint fails to state a claim upon which relief can be granted; Plaintiff lacks standing to request or obtain the relief sought; Plaintiff has failed to seek or exhaust its administrative remedies; Plaintiff has failed to allege facts sufficient to show any injury or inadequacy of legal remedy; and that the subject matter of the Complaint is subject to the exclusive or primary jurisdiction of the Oklahoma Corporation Commission or the Federal Communications Commission. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto. The Court will consider Defendant's grounds for dismissal seriatim.

### FAILURE TO STATE A CLAIM

Defendant contends that the local zoning ordinances in question do not apply to "telephone exchange buildings" under Oklahoma law and thus the instant action fails to state a valid cause of action against Defendant. On the other hand, Plaintiff maintains that only "telephone exchange buildings" and not severable facilities such as a microwave tower erected on such buildings as is the situation in this case are exempt from local zoning ordinances under Oklahoma law.

11 Okla.Stat.1971 § 402, recodified as 11 Okla.Stat.Supp.1977 § 43–102 (effective July 1, 1978), empowers Oklahoma municipalities to regulate land use through zoning and provides as follows:

"The municipal governing body may divide the municipality into districts of such number, shape and area as it deems suitable in carrying out its powers as to buildings, land and structures. Within the districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land. All such regulations shall be uniform for each class or kind of buildings throughout each district, but the regulations in one district may differ from those in other districts. *Nothing in this section shall be construed to apply to telephone exchange buildings.*" (Emphasis added)

In its Brief in opposition to Defendant's Motion, Plaintiff concedes that its action against Defendant will not lie and Defendant's Motion should be granted if the Court concludes that the exemption provided in the above statute "extends to any structure at or on" a "telephone exchange building." Although no cases construing the term "telephone exchange building" as used in §§ 402 and 43–102 appear to have been reported, it has been held that statutes conferring on municipalities the power to enact zoning regulations should be liberally construed and interpreted in keeping with their evident reason and intent. 101 C.J.S. *Zoning* § 6 (1958).

In the instant case, copies of photographs attached to Plaintiff's Brief in opposition to Defendant's Motion and to Plaintiff's Petition for Injunction reveal that the microwave tower in question is a substantial and apparently permanent structure that has incorporated an office building as a platform. Under the construction of §§ 402 and 43–102 advanced by Plaintiff, a "telephone exchange building" must consist of an office building *only* in order to be exempt from local zoning ordinance height restrictions and such a building would be so exempted regardless of its height. However, the Court declines to follow this narrow interpretation herein and determines that the office building and microwave tower involved in this case constitute a "telephone exchange building" within the meaning of §§ 402 and 43–102 as the office building and tower appear to have become a single structure. Thus, the office building and tower are not subject to the Elk City zoning ordinance upon which Plaintiff's action is predicated.

In view of the foregoing, the Court finds and concludes that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted as Plaintiff can prove no set of facts in support of its claim which would entitle it to relief against Defendant. *See Hospital Building Co. v. Trustees of the Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Callaway v. United States,* 568 F.2d 684 (Tenth Cir. 1978). Accordingly, Defendant's Motion to Dismiss should be granted.