**Kyle HAYES, Appellant,**

v.

**The UNITED STATES of America, Appellee.**

No. 77-2347.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 2, 1978.

Decided Oct. 27, 1978.

Samuel C. Evans, North Wilkesboro, N. C. (Kyle Hayes, Hayes & Hayes, North Wilkesboro, N. C., on brief), for appellant.

Allen Holt Gwyn, Asst. U. S. Atty. (H. M. Michaux, Jr., U. S. Atty., Durham, N. C., and V. Edward Jennings, Jr., Asst. U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, COWEN *, Senior Judge, and WIDENER, Circuit Judge.

HAYNSWORTH, Chief Judge:

The plaintiff sought damages from the United States for erosion of a river bank and flooding of the low-lying areas of his farm located on the Yadkin River, downstream from the Kerr Scott Dam. It is alleged that the damage to the farm was caused by the operation of the dam's flood gates. The district court dismissed the action under F.R.C.P. Rule 12(b)(6) for failure to state a claim, relying upon the immunity granted the United States by 33 U.S.C. § 702c from liability for damage from flooding or flood waters.

■ While § 702c was enacted in 1928 as part of a comprehensive statute to provide federal participation in flood control for the lower Mississippi River, it has consistently been held applicable to all federal flood control projects. When the United States committed itself to substantial expenditures for projects intended to control flooding or to minimize the damage caused by periodic flooding, it was unwilling to take on the additional responsibility of responding in damages to those who suffered harm as the result of flooding caused or aggravated by the activities of the United States designed to further its flood control purposes. Thus, it is clear that if the release of the waters which allegedly damaged the farm was a consequence of the dam's operation as a flood control project, § 702c would provide the United States with absolute immunity. *Ponderendolph v. Derry Township*, 330 F.Supp. 1346 (W.D.Pa.1971).

■ Since the purpose of § 702c was to insulate the federal government's activities in aid of flood control, after enactment of the Federal Tort Claims Act the reach of the § 702c immunity has been confined to damage from flooding which allegedly occurred because of the government's anti-flooding activity. There is no immunity for flooding caused by a federal project unrelated to flood control. *Graci v. United States*, 456 F.2d 20 (5th Cir. 1971).

■ The plaintiff here alleged that the Kerr Scott Dam was a dual purpose dam designed to be operated as a flood control facility and to provide recreation for members of the public. It is not alleged why the flood gates were opened from time to time, and in its answer the United States did not address the subject. One may assume that all of the releases, or most of them, were incidental to the dam's operation as a flood control facility, but absolute dismissal on the basis of Rule 12(b)(6) should not be premised upon mere assumption. It is not inconceivable that all or some of the releases were solely for the purpose of promoting recreational use of the impounded waters and not in the least in aid of the operation of the dam as a flood control facility. If

---

* Honorable Wilson Cowen, Senior Judge for the United States Court of Claims, sitting by designation.

the plaintiff could prove damage to his farm as a result of the dam's operation as a recreational facility without relation to the operation of the dam as a flood control project, he would avoid the absolute bar of § 702c.

We are thus constrained to hold that dismissal under Rule 12(b)(6) was premature and improper. Summary judgment for the United States may still be appropriate, but that would be dependent upon the content of affidavits and discovered information in which the question of the purpose or purposes for which waters had been released by the dam is addressed.

If it is determined that Hayes has no claim under the Federal Tort Claims Act, he still may have a claim for a partial taking of his land, but, because of the amount of money claimed, any proceeding for such relief is maintainable only in the Court of Claims. The court should favorably consider any request by Hayes for a transfer of the action to the Court of Claims.

VACATED AND REMANDED.