721 F.2d 741
 Ronald E. PAYNE, Individually and on behalf of himself and
others similarly situated, Plaintiffs-Appellees,
v.
John R. BLOCK, Individually and as Secretary of the United
States Department of Agriculture, et al.,
Defendants-Appellants,
v.
James J. COLLINS, Movant-Appellant-Intervenor.
 No. 81-5365.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 19, 1983.
 
 Michael Kimmel, Dept. of Justice, Civ.Div., Washington, D.C., for Block, FHA, Dept. of Agriculture.
 William R. King, Haas, Holland, Lipshutz, Levison & Gibert, Atlanta, Ga., for Collins, movant-appellant-intervenor.
 J. Victor Africano, Live Oak, Fla., Moorey, Seals & Garvin, Theodore L. Tripp, Jr., Fort Myers, Fla., for plaintiffs-appellees.
 Appeals from the United States District Court for the Middle District of Florida.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 Before GODBOLD, Chief Judge, HENDERSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The petition for rehearing is considered as will be hereinafter set forth. With respect to the suggestion for rehearing en banc, no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is DENIED.
 
 
 2
 In its petition for rehearing, the government contends that in our opinion in this case, 714 F.2d 1510 (11th Cir.1983), the court erred in construing a "staff instruction" as an agency "regulation" because the "instruction" was published in 39 Fed.Reg. 7569 (1974). The government urges that grave consequences may flow from our interpretation of its "instruction" as a "regulation." With admirable candor, the government points out in its petition that its arguments before the panel did not address the proper categorization of the publication in question. Government's Brief at 13.
 
 
 3
 "Agency action" contemplates a vast range of administrative functions, see Batterton v. Marshall, 648 F.2d 694, 702-03 (D.C.Cir.1980), and we recognize that proper classification of such action is often essential. See, e.g., 5 U.S.C. Sec. 553(b)(3)(A) (no requirement of advance publication and opportunity for public participation for "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice"). The panel's conclusion, however, was not based upon any rigid label attached to the material published on February 27, 1974 in the Federal Register. We stated that government agencies have to follow the law and their regulations but, relying upon Morton v. Ruiz, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974), United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), and United States v. Heffner, 420 F.2d 809 (4th Cir.1970), held that where the rights of individuals are affected, agencies may not depart from established procedures. Furthermore, whether those procedures are published or not is not determinative. See Gulf States Mfgrs. v. NLRB, 579 F.2d 1298, 1308-09 (5th Cir.1978). Suffice it to say that while any language categorizing the publication as a regulation may have been overbroad, the government's label of "staff instruction" does not persuade us that the agency action in question is governed by Schweiker v. Hansen, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981). The publication in the instant case is not a "simple administrative directive to agency employees," Kirkland Masonry, Inc. v. Commissioner, 614 F.2d 532, 534 (5th Cir.1980), and is more like the action involved in Morton and Gulf States, supra. Cf. K. Davis, Administrative Law, Sec. 7:4, p. 167 (1982 Supp.) (legal effect of a Treasury Department Handbook, which was not a regulation, should be determined in accordance "with the elementary idea that the government should behave responsibly"). "[L]egal characterization [of agency action] cannot be accomplished merely ... by semantic play," Batterton, supra, 648 F.2d at 703, and the government's argument is nothing more than that. Thus, our opinion about the case is unchanged.
 
 
 4
 To hold otherwise would go to the very core of our democratic government and permit agencies to ignore congressional actions and internal administrative procedures, and, in a case such as this, make loans to "favored friends of the agency," "members of the political party in power," or by some other autocratic method distribute government benefits. Since that is not our system, we cannot approve agency actions contrary to congressional or administrative mandates which frustrate benefit programs statutorily authorized and funded by Congress. We do not suggest that in this instance the agency had any improper motives.
 
 
 5
 The panel opinion is adhered to as modified herein.