PUEBLO de COCHITI, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. CIV. 85–1552 JC.

United States District Court, D. New Mexico.

Aug. 13, 1986.

F. Joel Roth, Roth, VanAmberg, Gross, Amarant & Rogers, Santa Fe, for plaintiffs.

William L. Lutz, U.S. Atty., Raymond Hamilton, Asst. U.S. Atty., Albuquerque, for defendants.

## MEMORANDUM OPINION

CONWAY, District Judge.

THIS MATTER comes on for consideration of Defendants' Motion to Dismiss, filed on February 7, 1986. The Defendants moved to dismiss the Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim for which relief can be granted. The Court, having considered the pleadings, the memoranda submitted by the parties and the relevant law, finds that the Defendants' Motion is not well taken regarding the first count of Plaintiffs' Complaint and will be denied. Defendants' Motion to Dismiss the second count of Plaintiffs' Complaint is also not well taken and will be denied, but the Court will stay exercising its jurisdiction over the substantive allegations in the second count of Plaintiffs' Complaint pending administrative review of their claim.

Plaintiffs Pueblo de Cochiti and several individuals brought suit against the Federal Government alleging that negligent design, construction, maintenance and operation of the Cochiti Dam had caused the underground water table under Plaintiffs' land to rise, destroying crops, and rendering some land unusable. The Plaintiffs alleged that the flood damage occurred when the water was impounded behind the dam for purposes other than flood control. The first count of the Complaint requested damages for the Government's negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq. The second count alleged that the Department of Defense, the Department of the Army and the Corps of Engineers abused their discretion in taking no action on Plaintiffs' request that they alter and repair the dam to stop the flooding, and requested two types of relief: First, that this Court issue a declaratory judgment that the agencies abused their discretion in not deciding Plaintiffs' claim, and second, that I issue an injunction compelling those agencies to conduct the repairs requested.

The Defendants moved to dismiss the first count of Plaintiffs' Complaint on the grounds that the Mississippi River Flood Control Act, 33 U.S.C. § 702c, provides complete governmental immunity for all damages caused by flood water from flood control projects. This section of the Act provides in part that "[n]o liability of any kind shall attach to or rest upon the United States for any damages from or by floods or flood waters at any place."

The Plaintiffs relied on the subsequent enactment of the Federal Tort Claims Act, arguing that its waiver of sovereign immunity applies to § 702c immunity for damages for flood control. The Plaintiffs also contended that the flood control immunity provisions did not apply, because the flood damage in the present case occurred when the dam was used for purposes other than flood control, and the rising of the underground water table was not "flood water" within the purview of § 702c.

The circuits which have considered the scope of the immunity provided in § 702c are not in agreement, and the issue herein presented is one of first impression in this circuit. Plaintiffs urge this Court to follow the line of authority expressed by *Hayes v. United States,* 585 F.2d 701 (4th Cir.1978).

The facts in *Hayes* are remarkably similar to the case at bar. In *Hayes,* the plaintiffs brought suit on grounds that the

government's negligent operation of the Kerr Scott Dam caused flood damage to their crops. The Kerr Scott Dam, like the Cochiti facility, was a dual purpose dam being used both for flood control and for creating a recreational lake. The district court granted the government's motion to dismiss on the grounds that 33 U.S.C. § 702c provided immunity.

The Fourth Circuit Court of Appeals reversed, holding that "If the plaintiff could prove damage to his farm as a result of the dam's operation as a recreational facility without relation to the operation of the dam as a flood control project, he would avoid the absolute bar of § 702c ... We are thus constrained to hold that dismissal under Rule 12(b)(6) was premature and improper." 585 F.2d at 703.

The other view is expressed in *Morici Corporation v. United States*, 681 F.2d 645 (9th Cir.1982). The facts in *Morici* are even closer to the present case than were the facts in *Hayes*. In *Morici*, plaintiffs brought suit for flooding caused by the underground seepage of water from a negligently operated dam. The dam was constructed and used for both flood control and recreational purposes, and the plaintiffs pled that the damage occurred while the dam was being operated for recreational, not flood control purposes.

The Court of Appeals upheld the district court's dismissal of the Complaint for failure to state a claim, holding that even if the dam project was being operated at the time of the negligence for a purpose other than flood control, the immunity of § 702c would bar a claim under the Federal Tort Claims Act. *Morici* further held that if the dam was *constructed* for purposes other than flood control, no immunity under § 702c could attach, quoting *Peterson v. United States*, 367 F.2d 271, 276 (9th Cir. 1966). However, if the dam were originally constructed for flood control purposes, it would be immaterial for what purpose the facility was being operated at the time of the flooding. 681 F.2d at 648.

The Tenth Circuit has not yet considered whether governmental immunity bars claims for flood damages caused by negligent operation of a flood control facility for purposes other than flood control. The closest case is *Callaway v. United States*, 568 F.2d 684, 687 (10th Cir.1978), wherein the count held that § 702c barred recovery for flood damage which occurred during the construction of a dam facility intended for flood control and other purposes. *Id.* at 687. *Callaway* does not bind the court in the present case, however, as the court did not address whether governmental immunity under § 702c would attach when the dam was being operated for one of its nonflood control purposes.

Similarly, the recent Supreme Court decision in *United States v. James*, — U.S. —, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986) does not reach the narrow issues herein presented. In *James*, the plaintiffs sued the government for injuries which occurred while a dam was being operated for flood control purposes, and the Court held that § 702c barred recovery.

The decision in *James* is problematic. The Court primarily addressed whether the Federal Tort Claims Act repealed the immunity provisions of § 702c. Finding that it did not, the Court dismissed plaintiffs' claim. The Supreme Court went to considerable lengths to illustrate the broad reach of § 702c immunity:

> The starting point in statutory interpretation is 'the language of the statute itself.' [citation omitted] 'We assume that the legislative purpose is expressed by the ordinary meaning of the words used.' [citation omitted] The immunity provision in § 702c, enacted as part of the Flood Control Act of 1928, 33 U.S.C. § 701, *et seq.*, 45 Stat. 434, outlines immunity in sweeping terms: 'No liability of *any* kind shall attach to or rest upon the United States for *any* damage from or by floods or flood waters at *any* place,' 33 U.S.C. § 702c (emphasis added). *It is difficult to imagine broader language.* (emphasis in original). — U.S. at —, 106 S.Ct. at 3121.

However, the Court was careful to point out that the plaintiffs' claim involved negli-

gent action which was related to flood control: "... We have noted that here the District Courts in each case found that the waters were being released from federal flood control facilities to prevent flooding." — U.S. at —— n. 7, 106 S.Ct. at 3122 n. 7. The court could then apply a more narrow interpretation of § 702c to the facts:

> ... It is thus clear from § 702c's plain language that the terms "flood" and "flood waters" apply to all waters contained in or carried through a federal flood control project *for purposes of flood control,* as well as to waters that such projects can't control. As both District Courts found, the waters here clearly fall within the statute.
>
> (emphasis added) *Id.*

The Supreme Court implied that immunity attaches only when the flood water passes through the dam when it is being used for purposes of flood control. This appears to validate the *Hayes* approach and overrule the *Morici* doctrine.

However, the Court cited both *Morici* and *Hayes* with approval, ignoring that the cases are clearly contradictory:

> See *Morici Corp. v. United States* [citation omitted] (no immunity for flooding if innundation "wholly unrelated to any Act of Congress authorizing expenditures of federal funds for flood control, or any act undertaken pursuant to such authorization") quoting *Peterson v. United States* [citation omitted]; *Hayes v. United States* [citation omitted] ("if the plaintiff could prove damage to his farm as the result of the dam's operation as a recreational facility *without relation to the operation of the dam as a flood control project,* he would avoid the absolute bar of § 702c ... (emphasis in original) *Id.* fn. 7.

The Court deftly avoided specifically disapproving *Morici* by quoting only that part of the case which did not conflict with *Hayes.* The implication of footnote 7, given the facts of the case at bar, is that the Court would follow the *Hayes* rule and allow claims where it is alleged that flood damage occurred when a flood control project was being operated for purposes other than flood control.

Yet, the Court later appears to contradict this implication. The Court rejected plaintiffs' contention that the case was governed by *Hayes* by distinguishing that case on its facts. The Court then went further, however, and implicitly approved the broad immunity that formed the basis of the *Morici* rule:

> Respondents Butler and James also argue, in the alternative, that even if § 702c is intended to grant immunity in connection with flood control projects, the Federal Government is not entitled to immunity here because their injuries arose from government employees' alleged mismanagement of recreational activities wholly unrelated to flood control. In support of this argument they point to a "fundamental principle of immunity" that the "sphere or protected activity must be narrowly limited by the purpose for which the immunity was granted." [The Court of Appeals, [however] found that the [alleged mismanagement] was clearly related to flood control. *Moreover, contrary to respondent's argument of "narrowly limited immunity, the broad principle applicable here is that a relinquishment of sovereign immunity [is required] to give justification for tort actions."* (citation omitted).
>
> (emphasis added) —— U.S. at ——, 106 S.Ct. at 3124.

As *Hayes* and *Morici* are urreconcilable, so too are the Court's statements in footnote 7 on page ——, 106 S.Ct page 3122 and on page ——, 106 S.Ct. page 3122, 3124 in *James.* The Court in *James* provides both parties in the present case with some hope but provides scant guidance for this Court.

Under Rule 12(b)(6), the Court must look only to the Complaint to determine if a cause of action is stated. The factual allegations of the Complaint must be taken as true and all reasonable inferences from them indulged in favor of the complainant.

*Williams v. Eaton,* 443 F.2d 422, 432 (10th Cir.1971).

Paragraph 7 of the Complaint states in part, "after the impounding of the water behind the Dam for purposes other than flood control, the Pueblo as land users, the individual plaintiffs, noticed that the water table in a portion of the farm land had risen." The key words are obviously "for purposes other than flood control." The quoted language brings the Plaintiffs within the *Hayes* exception to § 702c immunity as quoted with approval by the Supreme Court in *James.*

■ Although the Supreme Court was somewhat ambivalent in *James* about limiting immunity under § 702c their ambivalence is, by itself, reason to deny Defendants' motion. To dismiss a complaint for failure to state a claim for which relief can be granted, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of this claim which would entitle him to relief." *Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). The split in authority in the circuits, the lack of precedent in the 10th Circuit, and the lack of a definitive ruling by the Supreme Court illustrate that the law in this area is unclear. Because the law is unsettled, it cannot appear beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief under the Federal Tort Claims Act. Therefore, the Defendants' Motion to Dismiss will be denied.

Unresolved is the question whether Plaintiff can prove that the damages resulted solely from the impounding of water for purposes other than flood control. It would appear that Plaintiffs carry a heavy burden of proof on this issue.

■ Count II of Plaintiffs' Complaint requests two injunctions. Injunctive relief is not barred by the immunity provisions of § 702c. The Defendants moved to dismiss this count on the ground that Plaintiffs had not exhausted their administrative remedies.

This Court observes at the outset that Plaintiffs pled that they had exhausted their administrative remedies. Defendants' Motion alleging the contrary thus does no more than create a fact issue. A Fed.R.Civ.P. Rule 12(b)(6) motion tests the sufficiency of the Complaint on its face, irrespective of whether plaintiff can prove the truth of his allegations. *Williams v. Eaton, supra.* On its face, the Court II of the Complaint is sufficient to state a claim for relief.

■ Moreover, the exhaustion of remedies defense applies only where the governmental agencies have exclusive jurisdiction over the case. *Mountain States Natural Gas v. Petroleum Corp.,* 693 F.2d 1015, 1019 (10th Cir.1982). For the following reasons, this Court finds that the agencies' jurisdiction is not exclusive. Count II of Plaintiffs' Complaint first alleges that Defendants abused their discretion in not acting upon Plaintiffs' request. This procedural allegation states a claim for relief under 5 U.S.C. § 706, which provides that the reviewing court can compel agency action unlawfully withheld or unreasonably delayed. Defendants correctly argue that discretionary agency actions are generally non-reviewable, however, acts tantamount to a refusal to exercise discretion are subject to judicial review. *United States, ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 268, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954), cited in *Payne v. Block,* 714 F.2d 1510, 1520 n. 33 (11th Cir.1983), *opinion modified,* 721 F.2d 741 *cert. granted and judgment vacated,* 469 U.S. 807, 105 S.Ct. 65, 83 L.Ed.2d 15 (1984) *on remand,* 751 F.2d 1191 (1985), *reversed on other grounds, Lyng v. Payne,* — U.S. —, 106 S.Ct. 2333, 90 L.Ed.2d 921 (1986). While the Defendants also correctly point out that the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.,* does not provide an independent basis for federal jurisdiction over Plaintiffs' claim, the Court has jurisdiction under its general federal questions jurisdiction, 28 U.S.C. § 1331. *Bell v. New Jersey,* 461 U.S. 773, 778, n. 3, 103 S.Ct. 2187, 2190 n. 3, 76 L.Ed.2d 312 (1983). *McCartin v. Norton,* 674 F.2d 1317, 1320 (9th Cir.1982). Because both the agency

and the Court have jurisdiction over the claim, the case at bar involves concurrent, not exclusive jurisdiction. The exhaustion of remedies defense is inapplicable. Defendants' Motion to Dismiss must be denied.

While the Court has jurisdiction to hear both Plaintiffs' claim for abuse of discretion and Plaintiffs' substantive claim for dam alteration and repairs, I choose to exercise jurisdiction over only the abuse of discretion claim. When jurisdiction is concurrent, the Court has the discretion to apply the doctrine of primary jurisdiction. *See Mountain States,* 693 F.2d at 1019. Under the doctrine of primary jurisdiction, the judicial process is stayed pending referral of the issues to the appropriate administrative body for its views. *Amerigas Inc. v. Univar Corp.,* No. CIV. 83-1235, slip op. at 4 (D.N.M., January 30, 1985) [available on Westlaw, DCTU database].

The Supreme Court endorses using the doctrine:

> (I)n cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the discretion are ore rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

*Far East Conference v. United States,* 342 U.S. 570, 573–574, 72 S.Ct. 492, 493–494, 96 L.Ed. 576 (1952). An analysis of Count II of Plaintiffs' Complaint demonstrates why invoking the doctrine of primary jurisdiction is appropriate.

The Plaintiffs allege that the Defendant agencies abused their discretion in failing to dispose of, by grant or denial, the Plaintiffs' request for dam alterations and repairs. The Plaintiffs then request that the Court decide Plaintiffs' substantive claim for dam alterations and repairs. If Plaintiff is successful in this Court on the abuse of discretion claim, appropriate relief would be an injunction ordering the agencies to investigate, consider and act on Plaintiffs' substantive claim for repairs. *See Lyng v. Payne,* —— U.S. at ——, 106 S.Ct. at 2340. If the administrative agency resolves the substantive claim in Plaintiffs' favor, further litigation will be unnecessary. If Plaintiffs are unsuccessful in the agency hearing, judicial review by the federal court is still available.

This approach is faithful to the proper balance between administrative and judicial functions. *Greater Boston Television Corp. v. F.C.C.,* 444 F.2d 841, 851–852 (D.C.Cir.1970) *cert. denied,* 403 U.S. 923, 91 S.Ct. 2229, 29 L.Ed.2d 701 (1971), *reh. denied,* 404 U.S. 877, 92 S.Ct. 30, 30 L.Ed.2d 125. The agencies, with their expertise on flood control, knowledge of the Cochiti Pueblo dam project, and flexible procedures, can more efficiently develop a detailed factual record, which the Court can better review on appeal.

Plaintiffs' procedural claim, alleging Defendants have abused their discretion in not reaching a decision on Plaintiffs' Complaint, states a claim for which relief can be granted under 5 U.S.C. § 706, and this Court has jurisdiction to hear that claim under 28 U.S.C. § 1331. If Plaintiffs are successful in showing this Court that the agencies have abused their discretion in not deciding Plaintiffs' request for dam alterations, an injunction will issue compelling administrative investigation and disposition of their request.

However, conducting a judicial inquiry into Plaintiffs' request for dam alterations after ordering an administrative investigation into the same request wastes judicial resources. Therefore, under the doctrine of primary jurisdiction, the Court will stay

544

consideration of the substantive allegations of Count II of Plaintiffs' Complaint until the administrative agencies have investigated and decided Plaintiffs' request for alterations and repairs.

An Order will be entered accordingly.

## ORDER

THIS MATTER came on for consideration of Defendants' Motions to Dismiss Plaintiffs' Complaint for failure to state of cause of action for which relief could be granted, filed on February 7, 1986. The Court entered a Memorandum Opinion of even date.

NOW, THEREFORE, IT IS ORDERED that:

1. Defendants' Motion to Dismiss Count I of Plaintiff's Complaint is denied.

2. Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint is denied.

3. The Court will stay exercising its jurisdiction over the substantive claims of Count II of Plaintiffs' Complaint pending administrative review of those claims.