**Richard McCARTHY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–86–1399 MHP.**

United States District Court, N.D. California.

Nov. 7, 1986.

Luke Ellis, Gillin, Jacobson & Ellis, Berkeley, Cal., Steven M. Kipperman, Steven M. Kipperman Law Corp., San Francisco, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Judith A. Whetstine, Asst. U.S. Atty., San Francisco, Cal., for defendant.

### MEMORANDUM AND ORDER

PATEL, District Judge.

This action arises out of injuries sustained by plaintiff in a diving accident which occurred at East Copperas Park on Lewisville Lake in Texas. The lake and park are maintained by the U.S. Corps of Engineers as part of a flood control project. The matter is currently before the court on defendant United States' motion for dismissal or summary judgment and for a change of venue. The defendant argues that the court should dismiss the claim because the United States has immunity under the Flood Control Act, 33 U.S.C. § 701 *et seq.* The United States contends that its alleged negligence concerns a discretionary function and therefore falls under 28 U.S.C. § 2680(a), an exception to the waiver of sovereign immunity provided in the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). If the matter is not dismissed, defendant requests a change of venue to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. Defendant also moves for summary judgment pursuant to Fed.R.Civ.P. 56(b) on the grounds that under Texas law the United States is not liable for injuries incurred by persons using its property for recreational purposes.

The court has carefully considered the papers submitted and the oral argument of

counsel. For the reasons stated below, defendant's motion to dismiss is granted.

## Background

Plaintiff Richard McCarthy brought this action for injuries sustained in a diving accident at East Copperas Park on Lewisville Lake in Texas. Although the State of Texas owns the water of Lewisville Lake, the United States owns the underlying land. The dam, constructed in conjunction with a flood control project, is owned and operated by the United States. The Army Corps of Engineers operates several recreational facilities on Lewisville Lake, including East Copperas Park. East Copperas Park does not have a designated swimming area. Majors Aff. at 3. Its facilities include picnic tables, a boat ramp, and vehicle parking spaces. Defendant's Memorandum in Support at 3. There is no use fee charged at East Copperas Park. Defendant's Memorandum in Support at 1.

On April 20, 1984, the plaintiff went to the lake to windsurf with some friends. Finding conditions too windy to windsurf, plaintiff paddled around on the surfboard for some time. He then ran into the lake and dove at a point when he was waist deep in water. Decl. of Counsel, Interview of Claimant at 2. Plaintiff struck his head on the bottom of the lake and fractured his neck. Decl. of Counsel, Interview of Claimant at 3. He was rendered a C–5 quadriplegic.

On March 20, 1986, plaintiff filed this action for damages against the United States pursuant to 28 U.S.C. § 1346(b) and the Federal Tort Claims Act. Defendant United States now moves to dismiss or for summary judgment, and for a change of venue.

## Analysis

The threshold issue is whether this action falls under the immunity provision of the Flood Control Act, 33 U.S.C. § 702c. Section 702c provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place ..." This provision was interpreted very broadly by the Supreme Court in *United States v. James,* — U.S. ——, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986).

In *James,* the Court heard two cases concerning accidents which occurred when recreational users were carried through retaining gates after water was released to control flooding. The plaintiffs alleged that the United States was negligent in its failure to adequately warn them of the danger caused by the current. *Id.,* 106 S.Ct. at 3119. The Court rejected the various arguments offered by plaintiffs as to why the United States was not immune under § 702c, finding that "Congress clearly sought to ensure beyond a doubt that sovereign immunity would protect the government from 'any' liability associated with flood control." *Id.* at 3123. The Court approved the holding of an earlier Eighth Circuit case that § 702c " 'safeguarded the United States against liability of any kind for damage from or by floods or flood waters in the broadest and most emphatic language.' " *Id.* (quoting *National Manufacturing Co. v. United States,* 210 F.2d 263, 270 (8th Cir.), *cert. denied,* 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954)).

The Court found that legislative history supports this liberal interpretation of § 702c. It interpreted "damage" to include damage to both property and persons. It further found that "the terms 'flood' and 'floodwaters' apply to *all waters contained* or carried through a federal flood control project for purposes of or related to flood control...." *Id.,* 106 S.Ct. at 3121 (emphasis added). The term "floodwaters" clearly includes the water contained in Lewisville Lake.

Plaintiff argues that *James* is inapplicable to the current case because in *James* the accident occurred when water was being released to control flooding, while in this case the accident involved no flood control activity.[1] However, the Supreme

---

**1.** The complaint does allege, however, that the defendant's negligence includes increasing and decreasing the water level of Lewisville Lake by operating the dam. Complaint, ¶¶ 12(c), 13(a).

Court rejected a similar argument in *James*. There the plaintiffs argued that the federal government was not entitled to immunity because the injuries arose from the mismanagement of recreational activities unrelated to flood control. The Court found "that the manner in which to convey warnings including the negligent failure to do so, is part of the 'management' of a flood control project." *Id.* at 3125. Here all of the conduct complained of is within the scope of defendant's management of a flood control project.

The Supreme Court's broad reading of § 702c in *James* supports the Ninth Circuit's interpretation of the statute. The Ninth Circuit has held that the determination of § 702c immunity is governed by the "wholly unrelated" standard. "The determinative factor is ... the purpose of the project authorized by Congress." *Morici Corp. v. United States*, 681 F.2d 645 (9th Cir.1982). In *Morici*, landowners brought an action under the Federal Tort Claims Act for damages to crops allegedly caused by water seeping from a dam and reservoir. The plaintiffs argued that the United States was not immune if the government's negligence was related to the use of the project for purposes other than flood control. The Ninth Circuit held that "[e]ven if the project was being operated at the time of the negligence for a purpose other than flood control, the operation that caused the damage was not 'wholly unrelated' to a Congressionally authorized flood control project." *Id.* at 648. "[I]mmunity under 702c should be determined by the overall purposes intended by Congress for the project, not the particular intent of a government employee at a specific time." *Id.* at 648.

In this case the lake waters were part of a federal project for flood control purposes; the level of water and the configuration of the underlying land were related to flood control. Thus, under the standard used in *Morici*, § 702c immunity applies. *Morici* was cited with approval by the Supreme Court in *James*. 106 S.Ct. at 3120–21 n. 4.

The emphasis placed on the nexus between the government's negligence, unrelated to flood control purposes, and a congressionally authorized flood control project in the determination of § 702c immunity is exemplified in *Peterson v. United States*, 367 F.2d 271 (9th Cir.1966). In *Peterson*, an action was brought under the FTCA for damages and injury resulting from flooding caused when the Army Corps of Engineers dynamited an ice jam which had formed naturally in the river. The Ninth Circuit reversed a district court's ruling that § 702c immunity applied, finding "[t]he decision to dynamite the ice jam was wholly unrelated to any act of Congress authorizing expenditures of federal funds for flood control or any act undertaken pursuant to any such authorization." *Id.* at 275.

Plaintiff cites *Hayes v. United States*, 585 F.2d 701 (4th Cir.1978), in support of his argument that § 702c immunity should apply only where injury is caused as a result of the government's flood control activity. This interpretation of § 702c was rejected by the Ninth Circuit in *Morici*. 681 F.2d at 648. Plaintiff also cites *Martinez v. United States*, No. TY–81–134–CA, slip op. (E.D.Tex.1984), *aff'd as modified on other grounds*, 780 F.2d 525 (5th Cir. 1986). In *Martinez*, the plaintiff was injured while diving into a swimming area in a reservoir operated by the Army Corps of Engineers. There is no indication in *Martinez* that the court considered § 702c immunity, or that the reservoir was part of a congressionally authorized flood control project.

In the instant case it is undisputed that the plaintiff was injured while diving into Lewisville Lake, which was constructed as part of a congressionally authorized flood control project. The plaintiff's injuries therefore were clearly caused by "floodwaters" within the definition of § 702c. The government's alleged negligence in failing to post warning signs at East Copperas Park is not "wholly unrelated" to a federal flood control project.

Accordingly, the court finds that the United States is immune from liability under § 702c. The court therefore has no jurisdiction, and the action is dismissed. It is thus unnecessary for the court to reach defendant's motion for summary judgment and to transfer venue.

IT IS SO ORDERED.