**C.P. CLAY, et al., Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. W85–0093(B).**

United States District Court, S.D. Mississippi, W.D.

Nov. 11, 1986.

Wren C. Way, Way & Field, Vicksburg, Miss., for plaintiffs.

Daniel E. Lynn, U.S. Atty., Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it the Motion of Defendant United States to Dismiss the Complaint or in the alternative for Summary Judgment.

Plaintiffs claim damages because construction by the United States Forest Service and the United States Corps of Engineers allegedly caused flooding which destroyed crops on Plaintiffs' farmland adjacent to the Delta National Forest. Plaintiffs' land drains into a natural water course known as the West Hopkins Bayou, which flows through the Delta National Forest.

The Government concedes the following. In 1965 and 1966 the Forest Service constructed Road #720, which crosses West Hopkins Bayou in the Delta National Forest. A single culvert was placed at the crossing. In August, 1981, the Corps of Engineers built a slough control structure downstream from the crossing. In October, 1984, a second culvert was placed at the crossing.

Plaintiffs allege in their Complaint and reiterate by affidavit that until 1980 the crossing had been a low-water crossing, described in detail by Plaintiff C.P. Clay:

... a dip-down, low-water crossing with a small culvert, the road being slightly higher than the bottom of Hopkins Bayou. You went down hill then up hill to continue on the road.

Plaintiffs assert that in 1980 or 1981, the time of the construction of the slough control structure downstream, the Corps of Engineers, at the request of the Forest Service, filled in the low-water crossing to the level of the road. Plaintiffs allege that the newly elevated road caused the flooding in their fields.

The Government proffers three separate grounds in support of its Motion. The first ground lies in the apparent assertion that neither Road # 720 nor the slough control structure caused the flooding. The Government submits in support of this assertion the affidavit of Scott G. Vowinkel, a hydraulic engineer with the Corps of Engineers. Mr. Vowinkel offers an expert opinion, supported largely by computer simulations, that neither the slough control structure nor the road could have caused the flooding in Plaintiffs' fields. The Government suggests that Mr. Vowinkel's expert opinion defeats the assertions by Plaintiffs as a matter of law.

■ The assertion that the Government is entitled as a matter of law to a finding that its structures did not cause the floods is without merit. Plaintiffs have offered eye witness testimony that Road # 720 caused the flooding. The Court finds that there is a genuine issue of fact as to the cause of the flooding.

As a second ground for its Motion, the Government asserts that Plaintiffs have failed to state a claim upon which relief can be granted under state law, noting that the Federal Tort Claims Act holds the United States liable only to the extent that a private citizen would be under like circumstances. 28 U.S.C. § 2674. The Government argues that since under Mississippi law a lower riparian landowner cannot be held liable when the upper riparian landowner's property is flooded through natural causes, the Government cannot be held liable under the Federal Tort Claims Act.

The Government asserts that it "has not in any way affected the natural flow of West Hopkins Bayou" by building the slough control structure and road, but that the land flooded because of beaver dams in East Twin Lake—a natural occurrence. Plaintiffs deny this. There is a genuine issue of material fact as to the cause of the flooding.

For its third argument, the Government argues that 33 U.S.C. § 702c grants the Government immunity for any damages caused by floods or floodwaters at any place, and offers in support of its position a recent Supreme Court case, *United States v. James*, —— U.S. ——, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986). In *United States v. James*, the Supreme Court decided that the immunity granted by 33 U.S.C. § 702c applied to personal injury as well as to property damage where the cause of the injury admittedly was a federal activity for flood control. On the other hand, the Supreme Court cited with approval, although in dicta, the case of *Hayes v. United States*, 585 F.2d 701, 702–03 (4th Cir.1978), summarizing the holding of that case as follows:

> ("If the Plaintiff could prove damage to his farm as a result of the dam's operation as a recreational facility *without relation to the operation of the dam as a flood control project*, he would avoid the absolute bar of Section 702c" ...).

*United States v. James*, —— U.S. at —— n. 7, 106 S.Ct. at 3122 n. 7, 92 L.Ed.2d at 494 n. 7 (emphasis by Supreme Court). Thus, it appears that the immunity granted by Section 702c does not apply if the act which caused the flooding was done for a purpose other than flood control, even if the act was incidental to a flood control project.

■ The Government has acknowledged that the West Hopkins Bayou control structure was authorized under the Fish and Wildlife Mitigation Plan for the Yazoo Basin, which was designed for the enhancement and control of fish and wildlife and for protection of the environment. Plaintiffs assert that Road # 720 was requested by the Forest Service in conjunction with its management of the Delta National Forest. The Court accordingly finds that there is a material issue of fact whether the flooding, if caused by the Government, was caused by flood control or by construction for some other purpose. Thus the Court finds that there is a genuine issue of fact whether the United States is entitled to immunity under 33 U.S.C. § 702c.

IT IS THEREFORE ORDERED that the Motion to Dismiss or for Summary Judgment be denied.