16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dixie JOHNSON, as wife and next friend, Claud Johnson,
deceased; Dixie Johnson, individually; Leola Hughes, as
wife and next friend, Henry E. Hughes, deceased; Leola
Hughes, individually, Plaintiffs-Appellants,
v.
UNITED STATES of America, ex rel. United States Army Corps
of Engineers, Defendants-Appellees.
 No. 92-7110.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and MOORE, Circuit Judges, and BROWN,[2] District Judge.
 
 
 2
 The district court granted summary judgment[3] against plaintiffs Dixie Johnson and Leola Hughes who sued the United States on behalf of themselves and as representatives of their deceased husbands. The court held that the Flood Control Act of 1928(FCA), 33 U.S.C. 702c, immunizes the government from suit. On appeal, plaintiffs challenge that immunity ruling.
 
 
 3
 The material facts of this case are essentially undisputed. While Claud Johnson and Henry Hughes were fishing from a boat on the Grand River below the Fort Gibson Dam, the release of water through the dam gates caused their boat to capsize. They were swept away and drowned. Decedents' spouses filed suit against the United States ex rel. the U.S. Army Corps of Engineers, alleging negligence in the release of the water and in failure to provide warning signs and/or zoning to keep decedents out of dangerous areas. The district court, citing United States v. James, 478 U.S. 597, 608-10 (1986), found that 33 U.S.C. 702c exempted the government from liability. We agree and affirm.[4]
 
 
 4
 We review de novo the district court's grant of summary judgment based on its determination that the government is immune under 33 U.S.C. 702c. Williams v. United States, 957 F.2d 742, 743 (10th Cir.1992). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We view the record in the light most favorable to the parties opposing the motion. Deepwater Investments, Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 5
 The FCA provides that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place." 33 U.S.C. 702c. We begin analysis of immunity under the FCA by determining whether there is " 'a flood control project' that triggers the Act." Williams, 957 F.2d at 743. The district court determined that "Fort Gibson Dam is a flood control project," Appellants' App. 9 at 2, and plaintiffs do not argue otherwise. Thus, the lake was a flood control project "within the ambit of the statute." James, 478 U.S. at 605.
 
 
 6
 Plaintiffs try to bring themselves within our holding in Boyd v. United States ex rel. U.S. Army, Corps of Eng'rs, 881 F.2d 895 (10th Cir.1989). There, quoting the Supreme Court, we held that " '[i]f the plaintiff could prove damage ... as a result of the dam's operation as a recreational facility without relation to the operation of the dam as a flood control project, he would avoid the absolute bar of 702(c).' " Boyd, 881 F.2d at 900 (quoting James, 478 U.S. at 605 n.7) (quoting Hayes v. United States, 585 F.2d 701, 702-03 (4th Cir.1978)). In Boyd we held that the government failed to establish the requisite nexus between the decedent's fatal injuries, sustained when a boat hit him while he was snorkeling in the recreational area of the reservoir, and the flood control operations. Therefore, 702c did not bar the plaintiff from recovery against the government.
 
 
 7
 The instant case is distinguishable from Boyd, however, because decedents' injuries here were directly related to flood control operations;[5] and it is essentially indistinguishable from one of the cases consolidated in James, 478 U.S. at 601-02. There Joseph and Kenneth Clardy were fishing from a boat in the basin of a flood control project. The Corps of Engineers opened the gates in the project to release flood waters, creating a strong current. The boaters could not see the two faded signs warning of the danger; "[t]he boat became disabled and was drawn through the open gates of the spillway," and Kenneth was drowned. James, 478 U.S. at 601. The government conceded negligence in failing to warn but argued immunity under 702c. The district court granted summary judgment for the United States. The Supreme Court upheld the district court's ruling, holding that under the broad language of 702c, "[r]espondents' injuries occurred as a result of the release of waters from reservoirs that had reached flood stage." Id. at 604. Although the James Court recognized the appellate court's efforts "to find a principled way to hold the Government responsible for its concededly negligent conduct," it found the plain language of the statute provided governmental immunity. Id. at 612.
 
 
 8
 In the instant case, the district court found that the facility was releasing flood water for days before the accident, and that the "release of flood water through the dam gates" capsized the plaintiffs' boat, swept them away, and drowned them. Appellants' App. 9. Thus, as in James, the injuries occurred as a result of the release of flood water from a reservoir. The uncontested facts indicate that there is a direct nexus between the flood control operations--the release of water through the gates, and the injury--the drowning of plaintiffs.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable Wesley E. Brown, Senior United States District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [3]
 The government moved for dismissal for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment. The trial court, relying on the complaint, the government's brief in support of the motion, and affidavits submitted by the government, made findings of facts, conclusions of law, and granted the motion. Although the district court order did not specify which of the alternative motions, Rule 12(b)(1), 12(b)(6), or 56, was granted, the district court considered matters beyond the complaint; therefore, it was not a Rule 12(b)(6) dismissal. We thus treat the motion as one for summary judgment under Fed.R.Civ.P. 56(c). See Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir.1991) ("Rule 56 rather than Rule 12(b)(1) should be used in ... instances where 'the jurisdictional question is intertwined with the merits of the case.' ") (quoting Wheeler v. Hurdman, 825 F.2d 257, 259 (1987)); cf. Wheeler, 825 F.2d 257, 259 n.5 ("A court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1).")
 
 
 [4]
 The government argues we should dismiss the appeal because plaintiffs failed to comply with several Tenth Circuit rules
 First, in their brief plaintiffs referred to contents of deposition testimony not in evidence, in violation of 10th Cir. R. 10.3.3 ("depositions, interrogatories, and other discovery matters, unless used as evidence," are "not to be included in the record on appeal without the court's specific authorization"). In their reply brief, plaintiffs acknowledged this error and provided a reformulation of the facts omitting citations to deposition testimony not properly before this court.
 Second, plaintiffs failed to specify the standard of review on appeal, as required by 10th Cir. R. 28.2(b). In their reply brief, plaintiffs conceded this error but pointed to the difficulty in determining the standard of review caused by the district court's grant of the government's "Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment." Reply Brief at 7. We have determined that the order should be treated as granting summary judgment.
 Third, plaintiffs failed to make "a statement as to where in the record [each issue raised on appeal] was raised and ruled upon." 10th Cir. R. 28.2(c). In their reply brief, plaintiffs indicated that each of the issues was raised in the pleadings and ruled upon by the district judge.
 Finally, the government asserts that plaintiffs did not follow 10th Cir. R. 28.1 requiring briefs to refer to the record by docket sheet and page number. Plaintiffs dispute this assertion, pointing to Appellants' Appendix pages i and ii.
 We agree with the government that plaintiffs' brief failed to follow Tenth Circuit rules. We will not consider the deposition testimony not presented as evidence to the trial court. We admonish plaintiffs' counsel that adherence to appellate rules is not discretionary. We decline, however, to dismiss the appeal for plaintiffs' failure to follow the rules; because we affirm the district court's order there can be no prejudice to the government.
 
 
 [5]
 Although plaintiffs allege that the government was releasing about half of the water for purposes of electricity generation, and that the reservoir was maintained at a high level for recreation purposes, they did not dispute that at least half of the release on the day in question was for flood control. We reject plaintiffs' theory that we should apportion fault because at the time of the accident some water may have been released for purposes other than flood control. The facts here indicate a strong nexus between the flood control activity and the injury