**Philip RICHEY and Ilona Richey, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. A1–86–232.**

United States District Court, D. North Dakota, Southwestern Division.

Dec. 14, 1987.

Murray G. Sagsveen, Bismarck, N.D., for plaintiffs.

Cameron W. Hayden, Asst. U.S. Atty., Bismarck, N.D., for defendant.

**MEMORANDUM AND ORDER**

VAN SICKLE, District Judge.

Garrison Dam was constructed by the United States under the authority of the Flood Control Act of 1944. The dam and reservoir are managed by the Corps of Engineers. While boating on the reservoir, plaintiffs' boat was damaged by striking an object just below the water surface.[1] Plaintiffs submitted a claim for the damage to the Corps of Engineers, which denied it.

Plaintiffs then initiated this action claiming that the United States is liable under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Plaintiffs claim employees

---

1. The complaint alleges that "the submerged object was probably the concrete foundation of a

former elevator in the former town of Sanish."

of the United States were negligent in that they had knowledge of the obstruction and should have either removed it or marked it. The United States maintains that it is immune from suit in this action and has moved for summary judgment.

The claim of immunity is founded on 33 U.S.C. § 702c, which reads, in part, as follows:

No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place.

The extent of the immunity afforded by 702c was considered and delineated in *United States v. James,* 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986). The clear import of *James* is that the immunity does extend to this case. The court there analyzed the legislative history of the statute and concluded that Congress clearly intended to protect the United States from becoming liable for any expense other than the direct cost of construction of the project. They stated:

We think ... that the manner in which to convey warnings, including the negligent failure to do so, is part of the "management" of a flood control project.

Plaintiffs' claim here is met squarely by this language, and is clearly barred by 702c.

Therefore, it is ordered that the motion for summary judgment is, in all things, GRANTED, and the action and complaint in this matter are hereby ordered DISMISSED.