David B. ZAVADIL, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. CV 88–L–411.

United States District Court, D. Nebraska.

April 11, 1989.

Peter C. Wegman, Remboldt, Ludtke, Parker & Berger, Lincoln, Neb., for plaintiffs.

Steven A. Russell, Asst. U.S. Atty., Lincoln, Neb., for defendants.

MEMORANDUM OPINION

STROM, Chief Judge.

This matter is before the Court on the defendants' motion to dismiss (Filing No. 6). Noting that plaintiffs' response referred to certain depositions and exhibits,

the Court proceeds, pursuant to Fed.R.Civ. P. 12(b), to treat defendants' motion as a motion for summary judgment (Filing No. 22).[1]

Plaintiffs bring this suit against the United States, acting by and through the Department of Army, United States Army Corps of Engineers, for injuries incurred by David Zavadil on July 2, 1985, at Lewis and Clark Lake, Gavins Point Dam, South Dakota. Gavins Point Dam, behind which Lewis and Clark Lake was formed, was constructed by the United States Army Corps of Engineers as part of the Pick–Sloan plan for development of the Missouri River Basin. A compromise agreement between the Senate and the House of Representatives in the Flood Control Act of 1944 specifically included the construction and development of the Gavins Point Dam. The report specifically noted that the construction of the dam was for the purpose of flood control. S.Doc. No. 247, 78th Cong., 2d Sess. 3 (1944):

> The use of the Garrison, High, Oahe, Big Bend, Fort Randall and Gavins Point Dams and Reservoirs will provide the desired degree of flood control, supply the needs of irrigation as well as furnish cyclic storage for navigation during prolonged drought periods.

*Id.*

\* \* \* \* \* \*

> Development of the Missouri River Basin \* \* \* will secure the maximum benefits for flood control, irrigation, navigation, power, domestic and sanitary purposes, wildlife and recreation.

*Id.*

It is alleged that Mr. Zavadil dove off of a boat dock located on a boat ramp at the Gavins Point Dam, sustaining a fractured dislocation of the spine at C–5 through C–6 level, resulting in quadriplegia. Plaintiffs' action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*

The United States relies on 33 U.S.C. § 702c in support of its position that it is immune from suit in this action. Section 702c states, in pertinent part: "[N]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters in any place."

The extent of the immunity afforded by § 702c was considered and delineated in *United States v. James,* 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986). The clear import of *James* is that § 702c immunity extends to this case. In *James,* the Supreme Court held: "the terms 'flood' and 'flood waters' apply to all waters contained in or carried through a federal flood control project for purposes of or related to flood control as well as to waters that such projects cannot control." *Id.* at 605, 106 S.Ct. at 3121.

In this case, as in *James,* the plaintiffs argue that § 702c was intended to grant immunity only in connection with government operation of flood control projects and that this immunity does not extend to injuries arising from mismanagement of recreational activities wholly unrelated to flood control. However, the *James* Court concluded that the manner in which the government chooses to convey warnings related to recreational activities, including the negligent failure to do so, is part of the management of the flood control project. *Id.* at 609–10, 106 S.Ct. at 3123. *Accord Richey v. United States,* 674 F.Supp. 780 (1987).

Drawing upon the legislative history of the statute, the *James* Court concluded that Congress clearly intended to protect the United States from becoming liable for any expense other than the direct cost of construction of a flood control project.

> Congress clearly sought to insure beyond doubt that sovereign immunity would protect the Government from 'any liability associated with flood control.' As the Court of Appeals for the Eighth Circuit explained three decades ago in National Mfg., § 702c's language 'safeguarded the United States against liability of any kind for damage from or by floods or

---

**1.** The Court notes that defendants objected to the Court's consideration of the deposition and attachments of Peter C. Wegman and plaintiffs' request for judicial notice pursuant to Rule 201. However, given the disposition of this matter, the Court finds defendants' objection moot.

flood waters in the broadest and most emphatic language.'

*James,* 478 U.S. at 608, 106 S.Ct. at 3122–23 (quoting *National Mfg. Co. v. United States,* 210 F.2d 263, 270 (8th Cir.1954)).

Summary judgment is proper if there is no genuine issue of material fact and the moving party should prevail as a matter of law. Fed.R.Civ.P. 56(c). Upon review of a motion for summary judgment, this Court must give the party opposing the motion the benefit of all favorable factual inferences. *Holloway v. Lockhart,* 813 F.2d 874, 878 (8th Cir.1987).

After careful review of this matter and the briefs and supporting evidence submitted by the parties, the Court finds that plaintiffs' action is barred by 33 U.S.C. § 702c.

A separate order will be entered this date in conformity with this memorandum opinion.