**DEWITT BANK & TRUST COMPANY,**
**Conservator of the Estate of William**
**Lance McNeely, Appellee,**

v.

**UNITED STATES of America,**
**Appellant.**

No. 88–2355.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1989.

Decided June 26, 1989.

Rehearing and Rehearing En Banc
Denied Sept. 7, 1989.

Sophie Smyth, Washington, D.C., for appellant.

Sidney S. McMath, Little Rock, Ark., for appellee.

Before FAGG, Circuit Judge, ROSS, and TIMBERS,* Senior Circuit Judges.

FAGG, Circuit Judge.

The government appeals the district court's judgment awarding damages to William Lance McNeely under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2674 (1982). We reverse.

As part of a multiple purpose project, the United States Army Corps of Engineers (Corps) built a dam that expanded Merrisach Lake in Arkansas. To prevent park land from eroding into the project, the Corps constructed a retaining wall along the shore. The Corps created a sand beach behind the retaining wall. Beyond the retaining wall, the water level is shallow. The level fluctuates as the Corps retains or releases water incidental to the flood control and navigational functions of the project.

Late one night, McNeely dove into the water from the retaining wall. He was seriously injured when his head struck the lake bottom. McNeely then brought this FTCA action. After a bench trial, the district court found the government liable. The district court concluded the Corps failed to protect McNeely from the shallow waters.

■ On appeal, the government claims it is immune from damages under a provision of the Flood Control Act of 1928, 33 U.S.C. § 702c (1982). We agree. Although the district court did not address this jurisdictional defense, the question of sovereign immunity may be raised for the first time on appeal. *United States v. Johnson*, 853 F.2d 619, 622 n. 7 (8th Cir.1988).

■ Section 702c provides: "No liability of any kind shall attach to or rest upon the United States for any damage from or by

---

* The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

floods or flood waters at any place * * *." 33 U.S.C. § 702c. Under this section, "Congress clearly sought to ensure beyond doubt that sovereign immunity would protect the [g]overnment from 'any' liability associated with flood control." *United States v. James*, 478 U.S. 597, 608, 106 S.Ct. 3116, 3123, 92 L.Ed.2d 483 (1986) (citing *National Mfg. Co. v. United States*, 210 F.2d 263, 270 (8th Cir.), *cert. denied*, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954)). This immunity shields the government from tort claims arising from construction or management of federal flood control projects. *Id.* at 605, 610, 612, 106 S.Ct. at 3121, 3124, 3125; *E. Ritter & Co. v. Department of the Army, Corps of Eng'rs*, 874 F.2d 1236, 1239–40 (8th Cir. 1989).

Flood control was an essential component of the multiple purpose project that expanded Merrisach Lake. *See* Rivers and Harbors Act of 1946, Pub.L. No. 525, 60 Stat. 634, 635–36 (1946); S.Rep. No. 1508, 79th Cong., 2d Sess. 32–33 (1946); H.R. Rep. No. 2009, 79th Cong., 2d Sess. 28–29 (1946); H.R.Doc. No. 758, 79th Cong., 2d Sess. 1–3, 6–8, 11–12, 36–41, 94–96, 106, 117 (1947). Thus, the lake's waters are "contained in * * * a federal flood control project for purposes of or related to flood control." *James*, 478 U.S. at 605, 106 S.Ct. at 3121; *see McCarthy v. United States*, 850 F.2d 558, 562 (9th Cir.1988) (section 702c applies to multiple purpose flood control projects), *cert. denied*, —— U.S. ——, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989); *Portis v. Folk Constr. Co.*, 694 F.2d 520, 522–23 (8th Cir.1982) (same).

McNeely argues section 702c does not apply because his injuries resulted from the project's recreational, rather than its flood control, operations. We disagree.

McNeely was injured by diving into the shallow waters of a federal flood control project. In operating the project for flood control and navigation, the Corps maintained the waters at this shallow level. Thus, governmental control of flood waters was a substantial factor in causing McNeely's injuries. *See McCarthy*, 850 F.2d at 561–62; *id.* at 562 (Immunity applies "[s]o

long as * * * [the] injury is related to the use of [the federal flood control] project."). While the Corps may have been negligent in failing to warn McNeely of the water level fluctuations, "the manner in which to convey warnings, including the negligent failure to do so, is part of the 'management' of a flood control project," *James*, 478 U.S. at 610, 106 S.Ct. at 3124. *Compare Denham v. United States*, 646 F.Supp. 1021, 1026 (W.D.Tex.1986) (diver struck a submerged obstacle that was unrelated to flood control), *aff'd*, 834 F.2d 518, 523 (5th Cir.1987) (section 702c immunity issue not appealed).

Because the government is immune under section 702c, we reverse and remand for further proceedings consistent with this opinion.