**Dennis DAWSON, Executor of the Will of Timothy Brian Keenan, Deceased, Appellant,**

v.

**UNITED STATES of America.**

**Rebecca FISHER, Administratrix of the Estate of David Allen Fisher, Deceased, Appellant,**

v.

**UNITED STATES of America.**

Nos. 89–3370, 89–3371.

United States Court of Appeals, Third Circuit.

Argued Oct. 26, 1989.

Decided Jan. 16, 1990.

Joseph P. Moschetta, Joan E. Lesnoch (argued), Washington, Pa., for appellants.

Paul J. Brysh, Bonnie R. Schlueter (argued), U.S. Atty's Office, Pittsburgh, Pa., for appellee.

Before HUTCHINSON, NYGAARD, Circuit Judges, and DUBOIS, District Judge *.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

■ These consolidated cases involve two drownings that occurred at the Somerfield North Recreation Area, located on the Youghiogheny River Lake in Somerset County, Pennsylvania. The single issue presented is whether section 3 of the Flood Control Act of 1928, 33 U.S.C. § 702c, immunizes the United States from liability for these drownings at a flood control project. The district court held that section 702c barred recovery and entered judgment in favor of the government. Although we agree with the district court's construction of section 702c, questions of the government's waiver of sovereign immunity go to the subject matter jurisdiction of the court. *Hahn v. United States*, 757 F.2d 581, 586 (3d Cir.1985); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3654 (1985). Thus, we will vacate the district court's order and remand with instructions to dismiss the cases.

### I.

The Youghiogheny River Lake ("Lake") is a flood control project operated by the United States Army Corps of Engineers ("Corps"). The river lake was formed in 1943 by the construction of a dam on the Youghiogheny River at Confluence, Pennsylvania. The dam was constructed pursuant to the Flood Control Act of June 28, 1938.

The Corps monitors the water level of the Lake on a daily basis to determine how much water to release through the dam. The water level is controlled both to prevent flooding and to improve the navigabili-

* Honorable Jan E. DuBois, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

ty of the Monongehela and Upper Ohio Rivers. Because of this activity by the Corps, the depth of the water and the amount of shoreline at the Lake varies throughout the year.

It is the policy of the Corps to manage the flood control projects in a manner that allows for recreational use. *See* 36 C.F.R. § 327.1 (1988). The Somerfield North Recreation Area is operated by the Corps as a swimming beach. The swimming area is separated from the rest of the project by buoys, and the Corps has constructed a parking lot and a toilet facility on the shore. When the water level in the Lake changes because of releases through the dam, Corps personnel move the buoy lines to maintain water depth in the swimming area.

On July 12, 1983, David Allen Fisher ("Fisher") and several friends and family members went swimming at the Somerfield North Recreation Area. Fisher was last seen swimming towards the buoy line located approximately 180 feet from shore. At the time of his drowning, Fisher was swimming alone and no one noticed his disappearance. After his mother could not find Fisher, a search began and his body was located approximately 100 yards downstream from the buoyed off area.

The second drowning occurred on August 20, 1983. Timothy Brian Keenan ("Keenan") was swimming near the buoy line approximately 180 feet from shore with his girlfriend. Keenan reached the buoy line first and apparently encountered some difficulty staying above water. He called for help and tried to swim back to shore, but disappeared in eighteen feet of water. Other swimmers immediately began to search for Keenan. His body was recovered some forty minutes later just outside the buoy line.

Representatives of the estates of Fisher and Keenan brought suit in the District Court for the Western District of Pennsylvania pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, alleging recklessness, wilful and wanton misconduct, and negligence by the Corps in the construction and operation of the Som-erfield North Recreation Area. The two cases were consolidated and tried in a non-jury trial. The district court entered judgment in favor of the United States, holding that the government was immune from liability because of section 3 of the Flood Control Act of 1928, 33 U.S.C. § 702c. This timely appeal followed.

## II.

■ This Court has jurisdiction over plaintiffs' appeal pursuant to 28 U.S.C. § 1291. Our review of the district court's construction of a statute is plenary. *Chrysler Credit Corp. v. First Nat'l Bank and Trust Co.*, 746 F.2d 200, 202 (3d Cir. 1984); *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir. 1981).

## A.

Section 3 of the Flood Control Act of 1928 provides, in relevant part, that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place." Despite the broad language of this section, appellants argue that the government is not immune since the harm in this case was caused by activities wholly unrelated to flood control.

The Supreme Court has broadly construed the immunity offered in section 702c in *United States v. James*, 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986). *James* involved a suit brought under the Federal Tort Claims Act for injuries suffered by recreational users of a flood control project. The plaintiffs in *James* were the representatives of the estates of boaters who drowned after being swept through the underwater gates of the Millwood Dam. *James*, 478 U.S. at 599, 106 S.Ct. at 3118. The Supreme Court held that section 702c barred any recovery by recreational users of a flood control project for any injury caused by "waters contained in or carried through a federal flood control project for purposes of or related to flood control, as well as to waters that such projects cannot control." *James*, 478 U.S.

at 605, 106 S.Ct. at 3121. The Court particularly noted the "sweeping terms" in which immunity was granted and that "[i]t is difficult to imagine broader language." *James,* 478 U.S. at 604, 106 S.Ct. at 3120–21.

Appellants in this case nonetheless argue that *James* does not preclude their action, pointing to footnote seven of the *James* opinion. In this footnote, the Court cites with apparent approval two circuit court cases which suggest that section 702c immunity is not available if a plaintiff can prove that the harm suffered was wholly unrelated to flood control. *James,* 478 U.S. at 605 n. 7, 106 S.Ct. at 3121 n. 7 (citing *Morici Corp. v. United States,* 681 F.2d 645 (9th Cir.1982) and *Hayes v. United States,* 585 F.2d 701 (4th Cir.1978)). The proper interpretation of this footnote has provoked some disagreement. *Compare McCarthy v. United States,* 850 F.2d 558 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989) (§ 702c immunity available) *with Boyd v. United States ex rel United States Army Corps of Engineers,* 881 F.2d 895 (10th Cir.1989) (§ 702c immunity not available).

### B.

 The courts of appeals which have considered section 702c immunity post-*James* have not interpreted the "wholly unrelated" standard uniformly. The government urges this Court to follow the Ninth Circuit, which in *McCarthy v. United States,* 850 F.2d 558 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989), held that injuries sustained by plaintiff McCarthy in a diving accident at a flood control lake were not wholly unrelated to flood control and thus immunity was available. Despite McCarthy's efforts to argue that the management of a swimming area by the Corps was the

cause of his harm, the court held that "because waters contained in a federal flood control project for purposes related to flood control were a substantial factor in bringing about McCarthy's injuries, the immunity provision applies." *McCarthy,* 850 F.2d at 561–62.[1]

In contrast, appellants offer the approach of the Tenth Circuit, which held in *Boyd v. United States ex rel United States Army Corps of Engineers,* 881 F.2d 895 (10th Cir.1989) that section 702c did not bar recovery by the estate of a swimmer who was struck and killed by a boat at a flood control lake. The plaintiff in *Boyd* alleged that the Corps was negligent in failing to warn swimmers of the hazards at the lake and in failing to zone an area exclusively for swimming. *Boyd,* 881 F.2d at 896. The Tenth Circuit disagreed with the *McCarthy* court's reading of *James,* stating "we cannot agree that Congress intended to stretch the shield of flood control immunity to the limits contemplated by the 'wholly unrelated' standard." *Ibid* at 900. The court then declined to "delineate for every conceivable situation" in which section 702c immunity would apply, merely finding that in this case "the requisite nexus" had not been established. *Id.*

To the extent that *Boyd* reexamines the meaning of section 702c and its legislative history, it is contrary to the binding pronouncement by the Supreme Court in *James* and thus we decline to follow it. Indeed, the *Boyd* court's disapproval of the "wholly unrelated" standard is incongruous given that the standard is taken from footnote seven of *James,* upon which *Boyd* expressly relied.[2] *Boyd,* 881 F.2d at 900.

Based on the broad immunity recognized by the Supreme Court in *James,* we conclude that the only recovery not barred by section 702c post-*James* is for injuries

---

1. The Eighth Circuit recently followed the lead of the Ninth Circuit in *DeWitt Bank & Trust Co. v. United States,* 878 F.2d 246 (8th Cir.1989) (Because depth of the water was regulated for flood control purposes, injured diver was barred from recovery by section 702c).

2. It is possible that the confusion arises because the cases cited in footnote seven, *Morici Corp. v.*

*United States,* 681 F.2d 645 (9th Cir.1982) and *Hayes v. United States,* 585 F.2d 701 (4th Cir. 1978), are not perfectly reconcilable with one another. *See Pueblo de Cochiti v. United States,* 647 F.Supp. 538 (D.N.M.1986). We appreciate the difficulty this creates. Despite this difficulty, we must reach a result that is consistent with *James.*

caused by government activities wholly unrelated to flood control. *James*, 478 U.S. at 605 n. 7, 106 S.Ct. at 3121 n. 7. In determining what activities are "wholly unrelated" to flood control, we find the Ninth Circuit's opinion in *McCarthy* instructive. If "waters contained in a federal flood control project for purposes related to flood control [are] a substantial factor in [causing] injuries, the immunity provision applies." *McCarthy*, 850 F.2d at 561–62. We recognize that only a narrow category of cases will satisfy this stringent standard, however this was the result desired by Congress in enacting section 702c. *See James*, 478 U.S. at 607–09, 106 S.Ct. at 3122–23.

### III.

■ Having delineated the standard for determining the availability of section 702c immunity, we now turn to the facts of this case. Appellants argue that the harm in this case was caused by the Corps management and operation of the Somerfield North Recreation Area, an activity that is wholly unrelated to flood control. To the extent that appellants allege that the Corps negligently failed to warn of the dangers of swimming at the beach, the Supreme Court in *James* expressly found "the manner in which to convey warnings, including the negligent failure to do so, is part of the 'management' of a flood control project." *James*, 478 U.S. at 610, 106 S.Ct. at 3123.

In this case, appellants' allegations of harm are based upon the unsafe depth of the water at the swimming beach. The daily variation in the water depth, however, was in part due to releases by the Corps for flood control purposes. Thus "governmental control of flood waters was a substantial factor" in causing these drownings. *DeWitt Bank & Trust Co. v. United States*, 878 F.2d 246, 247 (8th Cir.1989) (citing *McCarthy*, 850 F.2d at 561–62). Appellants cause of action is therefore barred by the immunity provision of section 702c.

### IV.

We agree with the district court that the government is immune from liability under section 702c in these consolidated cases. However, since the district court entered judgment in favor of the United States, rather than dismissing the case for lack of jurisdiction, we will vacate the district court's order and remand the case with instructions to dismiss.