**David B. ZAVADIL and Barbara Zavadil, Appellants,**

v.

**UNITED STATES of America, acting By and Through the DEPARTMENT OF ARMY, U.S. ARMY CORPS OF ENGINEERS, Appellee.**

**No. 89–1813.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1990.

Decided July 11, 1990.

Steven M. Johnson, Yankton, S.D., for appellants.

Steven A. Russell, Lincoln, Neb., for appellee.

Before LAY, Chief Judge, BEAM, Circuit Judge, and HANSON,* Senior District Judge.

PER CURIAM.

David Zavadil was rendered a quadriplegic when he struck a submerged concrete boat ramp while diving from a dock located on Lewis and Clark Lake. The lake lies between Nebraska and South Dakota and is formed by the Gavins Point Dam, located on the Missouri river. The dam was built and is owned and operated by the United States Army Corps of Engineers.

David and his wife Barbara brought this tort action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2674 (1988), alleging that David's injuries were caused by the negligence of the government. The district court,[1] relying on *United States v. James*, 478 U.S. 597, 106 S.Ct. 3116, 92 L.Ed.2d 483 (1986), granted the government's motion for summary judgment. 715 F.Supp. 276. The court found that the government was immune from liability under section 702c of the Flood Control Act of 1928.[2] We affirm.

In *James*, recreational users were injured or killed when they were swept through flood gates opened by the Corps to release flood waters. The Supreme Court held that the plaintiffs' tort actions against the United States were barred by section 702c. In doing so, the Supreme Court concluded that:

> Congress clearly sought to ensure beyond doubt that sovereign immunity would protect the Government from "any" liability associated with flood control. As the Court of Appeals for the Eighth Circuit explained three decades ago in *National Mfg.*, § 702c's language "safeguarded the United States against liability of any kind for damage from or by floods or flood waters in the broadest and most emphatic language."

*James*, 478 U.S. at 608, 106 S.Ct. at 3122–23 (quoting *National Mfg. Co. v. United States*, 210 F.2d 263, 270 (8th Cir.), *cert. denied*, 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1108 (1954)).[3]

We find *James* to be controlling in this case. There is no question that one of the purposes of the Gavins Point Dam was

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Lyle E. Strom, United States District Court Judge for the District of Nebraska.

2. 33 U.S.C. § 702c provides that "No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place."

3. The Court interpreted "floods or flood waters" in a broad sense. It stated:

> The Act concerns flood control projects designed to carry floodwaters. It is thus clear from § 702c's plain language that the terms "flood" and "flood waters" apply to all waters contained in or carried through a federal flood control project for purposes of or related to flood control, as well as to waters that such projects cannot control.

*James*, 478 U.S. at 605, 106 S.Ct. at 3121.

flood control and navigation. The record shows that at the time of the accident the water level was being monitored for flood control and navigational purposes. Thus, the lake's waters are "contained in * * * a federal flood control project for purposes of or related to flood control," *James*, 478 U.S. at 605, 106 S.Ct. at 3121, and section 702c is applicable. *Id.* Since governmental control of these waters was a substantial factor in causing the Zavadils' injuries the United States is immune from liability. *Dewitt Bank & Trust Co. v. United States*, 878 F.2d 246, 247 (8th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1318, 108 L.Ed.2d 493 (1990); *see McCarthy v. United States*, 850 F.2d 558, 561–62 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1312, 103 L.Ed.2d 581 (1989).[4] Summary judgment was appropriate and the judgment of the district court is affirmed.[5]

---

4. The appellant relies upon the *Boyd* case from the tenth circuit which held that liability associated with the operation of a dam as a recreational facility by the government does not provide sovereign immunity under *James*. *See Boyd v. United States ex rel. United States Army, Corps of Eng'rs*, 881 F.2d 895, 900 (10th Cir. 1989); *see also James*, 478 U.S. at 605 n. 7, 106 S.Ct. at 3121 n. 7. This view has been repeatedly rejected by other circuits. *See Dewitt*, 878 F.2d at 247; *Fryman v. United States*, 901 F.2d 79, 81–82 (7th Cir.1990); *Dawson v. United States*, 894 F.2d 70, 73–74 (3d Cir.1990); *Mocklin v. Orleans Levee Dist.*, 877 F.2d 427, 430 (5th Cir.1989); *McCarthy*, 850 F.2d 561–62. Plaintiff asserts that the waters in the Gavins dam were being raised by the government for recreational purposes for the 4th of July. We need not pass upon this distinction since the evidence is clear that the waters in Gavins dam were also being monitored for flood control and navigational purposes. *See Fryman*, 901 F.2d at 81–82. Included in the allegations of negligence made by

the plaintiffs is the government's failure to warn of the abutment which plaintiff struck when he made his unfortunate dive. As the Supreme Court stated in *James:* "[T]he manner in which to convey warnings, including the negligent failure to do so, is part of the 'management' of a flood control project." *James*, 478 U.S. at 610; *see also Dewitt*, 878 F.2d at 247.

5. Plaintiffs argue for the first time on appeal that the application of section 702c in this case violates the equal protection clause by unconstitutionally discriminating against those persons injured at federal multipurpose water projects whose purposes include flood control and those injured at similar projects whose purposes do not include flood control. Because this claim was not raised before the district court it is not properly before this court and we shall not consider it. *Estes v. United States*, 883 F.2d 645, 648 (8th Cir.1989) (following the general rule that this court will not consider issues not raised below).