959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jessie THOMAS, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee,
and
Michael Enterprises Division; Michael Enterprises Division,
d/b/a Salt House; Mary Holiday; Tom Holiday; Mary
and Tom Holiday, d/b/a Salt House, Defendants.
Laura HUNT, as Guardian of Jonathan Turner, a minor; Laura
Hunt, Individually, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee,
and
John W. Hagen; John W. Hagen, d/b/a Twin Ridge Marina, Defendants.
Laura HUNT, as Guardian of Jonathan Turner, a minor; Laura
Hunt, Individually, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee,
and
John W. HAGEN; John W. Hagen, d/b/a Twin Ridge Marina, Defendants.
 Nos. 91-2524 , 91-2525 , 91-2642.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 21, 1992
Decided: April 7, 1992
 
 Ronald R. Gilbert, RONALD L. GILBERT, P.C., Detroit, Michigan; David J. Crandall, Martinsville, Virginia, for Appellants.
 E. Montgomery Tucker, United States Attorney, Stephen U. Baer, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 Before HALL, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, Laura Hunt, individually and as guardian for Jonathan Turner, and Jessie Thomas, appeal from district court orders granting the government's motion to dismiss these actions brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674 (1988). Appellants sought damages for personal injuries sustained while diving into Philpott Lake, a federal flood control project maintained by the United States Army Corps of Engineers. The district court found the result in this case to be controlled by the Supreme Court's decision in James v. United States, 478 U.S. 579 (1986), which applied the immunity provision of 33 U.S.C. § 702c (1988) to recreational users injured in the waters of federally maintained flood control projects. We affirm.
 
 
 2
 Initially, we decline Appellants' invitation to follow the Tenth Circuit's decision in Boyd v. United States, 881 F.2d 895 (10th Cir. 1989). The decision in Boyd found § 702c inapplicable where a snorkler was struck and killed by a boat moving through the waters of a flood control project, on the ground that § 702c did not protect the government from liability "associated with operating a recreational facility." Id. at 900. Boyd, however, is at odds with the view of every other circuit that has addressed the scope of § 702c subsequent to James. See Zavadil v. United States, 908 F.2d 334 (8th Cir. 1990), cert. denied, 59 U.S.L.W. 3564 (U.S. 1991); Fryman v. United States, 901 F.2d 79 (7th Cir.), cert. denied, 59 U.S.L.W. 3293 (U.S. 1990); Dewitt Bank & Trust Co. v. United States, 878 F.2d 246 (8th Cir. 1989), cert. denied, 58 U.S.L.W. 3565 (U.S. 1990); Dawson v. United States, 894 F.2d 70 (3d Cir. 1990); McCarthy v. United States, 850 F.2d 558 (9th Cir. 1988), cert. denied, 489 U.S. 1052 (1989); Mocklin v. Orleans Levee Dist., 877 F.2d 427 (5th Cir. 1989). Moreover, it is clear under James that it is not relevant whether the waters of a flood control project are used for multiple purposes, including recreation, so long as the water is being maintained as a flood control project.
 
 
 3
 478 U.S. at 610. In this case, we are compelled to agree with the district court's assessment that the evidence was uncontradicted that, in addition to its recreational uses, Philpott Lake was constantly being monitored and maintained daily by the Army for the purpose of controlling floods. This finding clearly brings this case within the ambit of § 702c. Id. at 605.
 
 
 4
 We also reject Appellants' attempts to distinguish this case from the many cases cited above. Appellants may not circumvent the directive in James that government immunity attaches in this situation by arguing that the injuries in question were not caused by the water itself, but by the negligent maintenance of the surrounding park area and the diving platform itself. See Fryman, supra. As noted in Fryman, water plays a role in diving accidents such as the ones at issue by concealing the obstacle causing the injury and creating the motive for the dive. 901 F.2d at 81. We note further that the injuries in question did not occur in the diving area but in the water.
 
 
 5
 Appellants also attempt to distinguish this case from the cited decisions applying § 702c on the ground that the government leased some of the lands surrounding the lake to private enterprise for profit. Appellants cite no authority for their position. Moreover, Congress specifically authorized such leasing activity in 16 U.S.C. § 460d without indicating that such action would waive or affect immunity under § 702c. Furthermore, Appellants' argument does not alter the fact that, despite its commercial uses, Philpott Lake unquestionably had flood control uses as well. We therefore reject this contention.
 
 
 6
 Finally, Appellants argue that application of § 702c denies them their right to equal protection under the law, since they would have had a cause of action if they had sustained injuries while diving into a body of water not covered by the Flood Control Act. We decline to address this argument, however, since it was not raised before the district court. See Zadavil, 908 F.2d at 336, n.5. Moreover, even if we did review this claim it is meritless because it is clear that the immunity provision in § 702c is rationally related to the government's interests in undertaking flood control on a national scale.
 
 
 7
 Accordingly, the decisions of the district court dismissing these suits based on the bar of liability provided bys 702c are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED