5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 John L. JENSEN, Appellant,
v.
SMALL BUSINESS ADMINISTRATION, Des Moines District Office, Appellee.
 No. 93-1996.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 13, 1993.
Filed: September 9, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John L. Jensen appeals from the district court's dismissal of his claim that he lost his motel when the Small Business Administration (SBA) improperly financed the construction of a competing motel in Centerville, Iowa. We affirm.
 
 
 2
 Jensen's pro se complaint alleged that SBA's loan to his competitor violated the policy declaration in 15 U.S.C. Sec. 661 and an SBA regulation, 13 C.F.R. Sec. 108.503(b)(2), and that the agency denied him due process by granting the loan without giving him an opportunity to be heard on these issues. The district court[1] granted the government's motion to dismiss, and Jensen appeals.
 
 
 3
 The district court properly construed Jensen's due process allegations as a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). A Bivens claim may not be asserted directly against the United States and its agencies. See Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982) ("Bivens and its progeny do not waive sovereign immunity for actions against the United States"), cert. denied, 459 U.S. 1210 (1983).
 
 
 4
 Giving Jensen's pro se complaint the benefit of a broad reading, the district court also considered whether his claims are actionable under the Federal Tort Claims Act. See 28 U.S.C. Secs. 2671-80. However, the FTCA has not waived the government's sovereign immunity for claims based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty," 26 U.S.C. Sec. 2680(a). We agree with the district court that SBA's decision to finance construction of the rival motel is covered by the discretionary function exception. See United States v. Gaubert, 111 Sup. Ct. 1267 (1991); Layton v. United States, 984 F.2d 1496 (8th Cir. 1993), pet'n for cert. filed, No. 93-5118, U.S.L.W. (Jun. 11, 1993).
 
 
 5
 Because Jensen's claims were barred by the doctrine of sovereign immunity, the district court properly dismissed his complaint. See Dewitt Bank & Trust Co. v. United States, 878 F.2d 246, 246 (8th Cir. 1989), cert. denied, 494 U.S. 1016 (1990). Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa